ORIGINAL

IN THE UNITED STATES FEDERAL COURT OF CLAIMS

FILED
AUG 2 2 2006
U.S. COURT OF FEDERAL CLAIMS

**FOUR RIVERS INVESTMENTS, INC.**, a
Nevada corporation doing business in California,

Plaintiff,

v.

06-598 T

**UNITED STATES OF AMERICA and**
**COMMISSIONER OF INTERNAL REVENUE,**

Defendants.

## COMPLAINT

Four Rivers Investments, Inc., a Nevada corporation doing business in California (hereinafter "Four Rivers"), by and through its attorney of record, Robert Alan Jones, hereby files its complaint against the United States of America and Commissioner of Internal Revenue (hereinafter "CIR"), and alleges as follows:

### I. Jurisdiction

1. The United States Court of Federal Claims has jurisdiction over the subject matter of this Complaint under 28 USCA §1491(a)(1). The statute states in part: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 USCA §1491(a)(1).

2. Jurisdiction is also conferred by 26 USCA Section 7433A.

### II. Parties

3. Plaintiff, Four Rivers Investment, Inc., is a Nevada corporation, qualified in doing

13. There are no administrative remedies to be exhausted for the United States wrongfully seized the property of taxpayer A: Plaintiff to pay off taxpayer B's debts without notice or demand. Plaintiff was not afforded any notice, or opportunity for hearing.

14. Plaintiff seeks return of the seized amount of $4,011.07, plus lawful interest from that date, plus reasonable attorney's fees and costs, under IRC 7430, and/or Section 6673.

**SECOND CLAIM FOR RELIEF**

15. Four Rivers, incorporates herein by reference all the facts and allegations as set forth in the preceding paragraphs 1 through 14 as if set forth in full herein.

16. Without notice and opportunity for a hearing, Defendant CIR, wrongfully levied an investment account owned and held in the name of Four Rivers, on April 24, 2003, from A.G. Edwards & Sons, Inc. investment account, in the amount of $41,007.32. (Exhibit 1).

17. There are no administrative remedies to be exhausted for the United States wrongfully seized the property of taxpayer A: Plaintiff to pay off taxpayer B's debts without notice or demand. Plaintiff was not afforded any notice, or opportunity for hearing.

18. Plaintiff seeks return of the seized amount of $41,007.32, plus lawful interest from that date, plus reasonable attorney's fees and costs, under IRC 7430, and/or Section 6673.

**THIRD CLAIM FOR RELIEF**

19. Four Rivers, incorporates herein by reference all the facts and allegations as set forth in the preceding paragraphs 1 through 18 as if set forth in full herein.

20. Without notice and opportunity for a hearing, Defendant CIR, wrongfully seized an amount from proceeds of a real estate transaction, owned and held in the name of Four Rivers, on November 14, 2004, in the amount of $161,334.55. (Exhibit 1).

21. There are no administrative remedies to be exhausted for the United States wrongfully seized the property of taxpayer A: Plaintiff to pay off taxpayer B's debts without notice or demand. Plaintiff was not afforded any notice, or opportunity for hearing.

22. There are no administrative remedies to be exhausted for the United States wrongfully seizes the property of taxpayer A to pay off taxpayer B's debts.

business in California. The Defendant is the Commissioner of Internal Revenue and his delegees and the United States Government, by and through its Department, United States Treasury Department.

## III. FACTS SUPPORTING THE CLAIMS

4. This is a complaint for replacement of monies wrongfully seized on several occasions from a taxpayer who had no obligation to the United States government nor the Internal Revenue Service, and was not related to either the taxpayer or the underlying transaction which is the cause of the seizures. (Exhibit 1 - Declaration of Vicki Seidel).

5. Mr. Thomas Seidel, SSN 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, the president of T.E. Seidel Electric, Inc. ("Seidel Electric"), was assessed with 100% penalty pursuant to 26 USC 6672 for failing to collect and pay over certain payroll tax owed to the IRS. (Exhibit 1).

6. Mr. Seidel is married to Vicki Seidel, a California resident, and the president and sole owner of the Plaintiff, Four Rivers Investment, Inc. (Exhibit 1).

7. Mrs. Vicki Seidel was absolved of responsibility for any of Electric's payroll taxes in a letter from Steven Penrod of the IRS dated May 13, 1999. (Exhibit 1).

8. Mr. Seidel neither owns, owned or was he a source of funds for the monies seized from Four Rivers by the IRS. (Exhibit 1).

9. Because the seizures were in the absence of notice, demand or allowing Plaintiff a right to a due process hearing, Defendant may not prevail as a matter of law.

## FIRST CLAIM FOR RELIEF

10. Four Rivers, incorporates herein by reference all the facts and allegations as set forth in the preceding paragraphs 1 through 9 as if set forth in full herein.

11. Without notice and opportunity for a hearing, Defendant CIR, wrongfully levied a bank account owned and held in the name of Four Rivers, on April 7, 2003, from Wells Fargo Bank, account number 0117-326983, in the amount of $4,011.87. (Exhibit 1).

12. The monies were wrongfully levied without cause, lawful authority or notice and right to a hearing afforded the plaintiff, in violation of 26 USCA 7433A.

23. Plaintiff seeks return of the seized amount of $161,334.55, plus lawful interest from that date, plus reasonable attorney's fees and costs, under IRC 7430, and/or Section 6673.

**WHEREFORE**, Plaintiff, Four Rivers Investment, Inc., prays for an entry of judgment and other relief in its favor as follows:

A. The return of the monies seized in the amount of $4,011.07, plus lawful interest from the date of seizure, plus reasonable attorney's fees and costs, as provided under IRC 7430, and/or Section 6673.

B. The return of the monies seized in the amount of $41,007.32, plus lawful interest from the date of seizure, plus reasonable attorney's fees and costs, as provided under IRC 7430, and/or Section 6673.

C. The return of the monies seized in the amount $161,334.55, plus lawful interest from the date of seizure, plus reasonable attorney's fees and costs, as provided under IRC 7430, and/or Section 6673.

D. For such other and further relief as the Court may deem necessary and proper.

DATED: This 18th day of August, 2006.

Respectfully submitted,

Robert Alan Jones

Robert Alan Jones, Esq.
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

# EXHIBIT 1

**DECLARATION OF VICKI SEIDEL**

1. Declarant is a resident and citizen of the state California.

2. I am over the age of 21 and if called to testify, am competent and willing to do so and would testify as follows:

3. I am married to Thomas Seidel.

4. I am the President and sole owner of Four Rivers Investment, Inc., a Nevada Corporation doing business in California.

5. On April 7, 2003, without notice and opportunity for a hearing, the IRS wrongfully levied a bank account owned and held in the name of Four Rivers Investment, Inc., from Wells Fargo Bank, account number 0117-326983, in the amount of $4,011.87.

6. On April 24, 2003, without notice and opportunity for a hearing, the IRS wrongfully levied an investment account owned and held in the name of Four Rivers from A.G. Edwards & Sons, Inc. investment account, in the amount of $41,007.32.

7. On November 14, 2004, without notice and opportunity for a hearing, the IRS wrongfully seized an amount from proceeds of a real estate transaction, owned and held in the name of Four Rivers, in the amount of $161,334.55.

8. Four Rivers Investment, Inc. has no obligation to the United States Government nor the Internal Revenue Service with respect to the above-referenced seizures.

9. My husband does not own, control, nor participate in the operations of Four Rivers Investment, Inc. Nor was he a source of funds for the monies seized from Four Rivers by the IRS.

10. By letter dated May 13, 1999, from Steve Penrod to me, I have been absolved of any responsibility for T.E. Seidel Electric, Inc. payroll taxes. (*See* Exhibit 1 to this Declaration).

I declare under penalty of perjury under the laws of the United States, the foregoing is true and correct to the best of my personal knowledge and belief.

**FURTHER AFFIANT SAYETH NAUGHT.**

DATED:, 15 day of August, 2006.

Vicki Seidel
President and Sole Owner of Four Rivers Investment, Inc.