IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-598 T
(Judge Bush)

FOUR RIVERS INVESTMENTS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**MOTION FOR ENLARGEMENT OF TIME**

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims, defendant respectfully moves the Court for an enlargement of time of forty-five (45) days, from December 22, 2006, to and including February 5, 2007, within which to answer or otherwise respond to the complaint filed in this matter. This is the second enlargement of time defendant has requested for this purpose, the first having been allowed for a period of sixty (60) days.

As reason for its motion, defendant states that, *inter alia*, the undersigned trial attorney must confer with counsel for the United States in *United States v. Seidel, et al.*, No. CR 06-00539 (JF) (N.D. Cal.), before framing a response to plaintiff's complaint. In *United States v. Seidel*, a federal grand jury has indicted Vicki Seidel, who, according to the complaint in this action, is the president and sole owner of plaintiff Four Rivers Investments, *see* Compl. ¶ 6; on one count of

Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371; and one count of Aiding or Assisting in the Filing of a False Tax Return, in violation of 26 U.S.C. § 7206(2). *See* Ex. 1 ¶¶ 9, 18. The federal grand jury in *United States v. Seidel* also indicted Thomas Seidel, who, according to the complaint, is the taxpayer whose tax assessments plaintiff's assets were seized to satisfy, *see* Complt. ¶¶ 4-5; on one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371; one count of Tax Evasion, in violation of 26 U.S.C. § 7201; and two counts of Making and Subscribing False Tax Returns, in violation of 26 U.S.C. § 7206(1). *See* Ex. 1 ¶¶ 9, 12, 14, 16. All of these charges against Vicki Seidel and Thomas Seidel relate in part to activities they are alleged to have engaged in with respect to plaintiff Four Rivers Investments. *See* Ex. 1 ¶¶ 8, 10, 11, 13, 15, 17. These indictments were only recently unsealed. Consequently, the undersigned trial attorney must now confer with the Assistant United States Attorney responsible for prosecuting *United States v. Seidel* in order to ensure that the positions taken by the United States in this action are consistent with those taken by the United States in *United States v. Seidel*. Furthermore, the Assistant United States Attorney responsible for prosecuting *United States v. Seidel* will be on leave from December 19, 2006, until January 2, 2007.

As further reason for its motion, the defendant states that, for completely different reasons, the undersigned trial attorney must also confer with the Appellate Section of the Tax Division and the Solicitor General's Office of the United States Department of Justice, before framing a response to plaintiff's complaint. On October 27, 2006, the United States Supreme Court granted certiorari in *EC Term of Years Trust v. United States*, No. 05-1541, 2006 WL 1527184 (U.S. Oct. 27, 2006). The issue before the Supreme Court in *EC Term of Years Trust* is

whether "a person who is not the assessed taxpayer [may] utilize 28 U.S.C. § 1346 to seek a refund when its funds were seized through a wrongful levy and it had an opportunity to utilize the wrongful levy procedure under 26 U.S.C. § 7426?" Petition for Writ of Certiorari, *EC Term of Years Trust*, 2006 WL 1519185, at *i (No. 05-1541). Since the issue before the Supreme Court in *EC Term of Years Trust* concerns the scope of the subject matter jurisdiction of the federal courts over third-party levy actions, and plaintiff alleges that its property was wrongfully levied to satisfy the assessed tax liability of a third-party, *see* Complt. ¶¶ 11, 16, 20, the undersigned trial attorney must confer with the Appellate Section and the Solicitor General's Office in order to ensure that the positions taken by the United States in this action on the issue of jurisdiction are consistent with those taken by the United States before the Supreme Court in *EC Term of Years Trust*.

Before the required consultation can take place, defendant's counsel must review the Internal Revenue Service's defense recommendation and administrative files pertaining to the defense of this case, both of which were just received on December 14, 2006. The 45-day period of enlargement requested herein is necessary to allow sufficient time for defendant's counsel to review those files, to undertake the consultation described above, and to determine whether a supplemental defense recommendation is necessary prior to preparing a response to the complaint.

Defendant's counsel spoke by telephone on December 18, 2006 with plaintiff's counsel, who stated that plaintiff objects to the enlargement requested herein.

Respectfully submitted,

s/ Joseph B. Syverson
JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

December 18, 2006

Of Counsel