10/28/04  08:29 FAX 831 849 2521                                                              ☑001

WHEN RECORDED MAIL TO:

Internal Revenue Service

Attn: Lien Department Stop FR-5530

5104 N. Blythe Ave. Suite 102

Fresno, CA 93722-6429

Stephen L. Vagnini          RALICIA
Monterey County Recorder    4/03/2003
Recorded at the request of  10:02:52
Internal Revenue Service

DOCUMENT: 2003038231    Titles: 1/ Pages: 4
                        Fees       0.00
                        Taxes
                        Other
                        AMT PAID   00.00

THIS SPACE FOR RECORDER'S USE ONLY

TITLE OF DOCUMENT

Federal Tax Lien

RE: 63104181-JS

EXHIBIT 6

Form 668(Y)
(Rev. January 1996)

**Department of the Treasury - Internal Revenue Service**

# Notice of Federal Tax Lien Under Internal Revenue Laws

| District | Serial Number | For Optional Use by Recording Office |
|---|---|---|
| Central California | 77033112615 | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, notice is given that taxes (including interest and penalties) have been assessed against the following-named taxpayer. Demand for payment of this liability has been made, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer:** Four Rivers Investments, Inc., A Corporation, as the Nominee, alter ego and/or transferee of Thomas E. Seidel

**Residence:** 310 S. Carson, Carson City, NV 89701

**IMPORTANT RELEASE INFORMATION:** With respect to each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| CIVPEN (IRC 6672) | 09/30/1996 | [redacted] | 10/23/1996 | 11/22/2006 | $595,896.99 |

This Notice of Federal Tax Lien attaches to property or rights to property of, or held in the name of, Four Rivers Investments, Inc., a Corporation, as Nominee, alter ego and/or transfer of Thomas E. Seidel. This includes, but is not limited to the property described on the attached legal description. (APN: 003-211-017; 617, 619, 621, 623 Sherwood Drive, Salinas, California)

**Place of Filing:**
County Recorder
Monterey County
Salinas, CA 93901

**Total:** $ 595,896.99

This notice was prepared and signed at _Salinas, CA_, on this, the _2nd_ day of _April_, 2003.

Signature: [signed] Stephen Penrod
Title: Revenue Officer Badge No. 7701785

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Form 668(Y) Rev. 1-96

Description: Monterey,CA Document-Year.DocID 2003.39231 Page: 2 of 4
Order: DD Comment:

# Notice of Tax Lien

No. _____

United States

Form 668(Y) (Rev. ...)

Filed on _____, 19 ___, day of _____ m.

Clerk (or Register)

## Excerpts From Internal Revenue Code

**Sec. 6321. Lien For Taxes.**

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

**Sec. 6322. Period Of Lien.**

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

**Sec. 6323. Validity and Priority Against Certain Persons.**

(a) Purchasers, Holders Of Security Interests, Mechanic's Lienors, And Judgment Lien Creditors. — The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

(f) Place For Filing Notice; Form. —

(1) Place For Filing - The notice referred to in subsection (a) shall be filed -

(A) Under State Laws

(i) Real Property - In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; and

(ii) Personal Property - In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; or

(B) With Clerk Of District Court - In the office of the clerk of the United States district court for the judicial district in which the property subject to lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A), or

(C) With Recorder Of Deeds Of The District Of Columbia - In the office of the Recorder of Deeds of the District of Columbia, if the property subject to the lien is situated in the District of Columbia.

(2) Situs Of Property Subject To Lien - For purposes of paragraphs (1) and (4), property shall be deemed to be situated -

(A) Real Property - In the case of real property, at its physical location; or

(B) Personal Property - In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.

For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia.

(3) Form - The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

Note: See section 6323(b) for protection for certain interests even though notice of lien imposed by section 6321 is filed with respect to:

1. Securities
2. Motor vehicles
3. Personal property purchased at retail
4. Personal property purchased in casual sale
5. Personal property subjected to possessory lien
6. Real property tax and special assessment liens
7. Residential property subject to a mechanic's lien for certain repairs and improvements
8. Attorney's liens
9. Certain insurance contracts
10. Passbook loans

(g) Refiling Of Notice. — For purposes of this section -

(1) General Rule. — Unless notice of lien is refiled in the manner prescribed in paragraph (2) during the required refiling period, such notice of lien shall be treated as filed on the date on which it is filed (in accordance with subsection (f)) after the expiration of such refiling period.

(2) Place For Filing. — A notice of lien refiled during the required refiling period shall be effective only -

(A) if -
(i) such notice of lien is refiled in the office in which the prior notice of lien was filed, and
(ii) in the case of real property, the fact of refiling is entered and recorded in an index to the extent required by subsection (f)(4); and

(B) in any case in which, 90 days or more prior to the date of a refiling of notice of lien under subparagraph (A), the Secretary received written information (in the manner prescribed in regulations issued by the Secretary) concerning a change in the taxpayer's residence, if a notice of such lien is also filed in accordance with subsection (f) in the State in which such residence is located.

(3) Required Refiling Period. — In the case of any notice of lien, the term "required refiling period" means -

(A) the one-year period ending 30 days after the expiration of 6 years after the date of the assessment of the tax, and

(B) the one-year period ending with the expiration of 6 years after the close of the preceding required refiling period for such notice of lien.

**Sec. 6325. Release Of Lien Or Discharge Of Property.**

(a) Release Of Lien. — Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which -

(1) Liability Satisfied or Unenforceable - The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable; or

(2) Bond Accepted - There is furnished to the Secretary and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

**Sec. 6103. Confidentiality and Disclosure of Returns and Return Information.**

(k) Disclosure of Certain Returns and Return Information For Tax Administration Purposes. —

(1) Disclosure of amount of outstanding lien. - If a notice of lien has been filed pursuant to section 6323(f), the amount of the outstanding obligation secured by such lien may be disclosed to any person who furnishes satisfactory written evidence that he has a right in the property subject to such lien or intends to obtain a right in such property.

## LEGAL DESCRIPTION

The land referred to herein is situated in the State of California, County of Monterey, City of SALINAS, described as follows:

CERTAIN REAL PROPERTY SITUATE, LYING AND BEING IN THE RANCHO EL SAUSAL WITHIN CORPORATED LIMITS OF THE CITY OF SALINAS, IN THE COUNTY OF MONTEREY, STATE OF CALIFORNIA, BEING THAT CERTAIN 54.637 ACRE (BEFORE EXCEPTION) TRACT OF LAND CONVEYED FROM MONTEREY COUNTY TRUST AND SAVINGS BANK, A CORPORATION, AS TRUSTED TO HIROSHI IWASHIGE BY DEED DATED MARCH 25, 1943 AND RECORDED IN VOLUME 791 OF OFFICIAL RECORDS AT PAGE 229, RECORDS OF MONTEREY COUNTY.

EXCEPTING THEREFROM THE FOLLOWING DESCRIBED PARCELS:

(1)   ALL THAT PORTION CONVEYED TO EUGENIO CORPUS AND ELLENE CORPUS, HIS WIFE BY DEED DATED SEPTEMBER 22, 1969 AND RECORDED MAY 27, 1972 ON REEL 773 OFFICIAL RECORDS, AT PAGE 106.

(2)   ALL THAT PORTION THEREOF LYING SOUTHERLY AND WESTERLY OF COURSE (15) AND THE NORTHWESTERLY EXTENTION THEREOF AS THE SAME IS SET FORTH IN THAT GRANT DEED EXECUTED BY GALE IWASHIGE, ET AL, TO FRANK KOSAKI HIBINO, ET AL DATED MARCH 13, 1957 RECORDED APRIL 8, 1957 IN VOLUME 1782, OFFICE RECORDS, PAGE 384, MONTEREY COUNTY RECORDS.

APN: 003-211-017

End of Legal Description



Description: Monterey,CA Document-Year.DocID 2003.38231 Page: 4 of 4
Order: DD Comment:

Ex. 6 pg. 4