RECORDING REQUESTED BY:
**Stewart Title of California, Inc.**

WHEN RECORDED MAIL TO:

Evelyn L. Olds
7807 Rio Vista
# 21
Big River, California 92242

ORDER NO. 52102097
ESCROW NO. 27390531

Stephen L. Vagnini
Monterey County Recorder
Recorded at the request of
**Stewart Title**

CRKATHLEEN
10/20/2004
8:00:00

DOCUMENT: **2004111810**

Titles: 2/ Pages: 8
Fees.... 37.00
Taxes...
Other...
AMT PAID $37.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

APN: 127-281-025

**This Deed of Trust**, made this 28th day of September, 2004, between

Four Rivers Investments, Inc. a Nevada Corporation

herein called **TRUSTOR**, whose address is 7595 Pine Tree Way, Salinas, CA 93907
**Stewart Title of California, Inc.**, a California Corporation, herein called **TRUSTEE**, and

Evelyn L. Olds surviving joint tenant

herein called **BENEFICIARY**,
Witnesseth: That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in Monterey County, California, described as:

**For complete legal description, additional terms and conditions, see exhibit "A" attached hereto.**
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $269,000.00 executed by Trustor in favor of Beneficiary by order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded under date, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 348 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 689 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| El Dorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 184 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 527 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2, Book 1961, Page 183887 | | | | |

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.



EXHIBIT
8

**SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE**

ORDER NO. 52102097
ESCROW NO. 27390531

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

* If the Trustor shall sell, convey, or alienate said property or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, to declare any indebtedness or obligation secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

[signature]
Four Rivers Investments, Inc. a Nevada Corporation

DATE: September 28, 2004

Title

STATE OF CALIFORNIA }
} ss.
COUNTY OF Santa Clara } B

Title

On October 19, 2004 before me, Ann Fernandez
personally appeared Vicki R. Seidel

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(~~s~~), whose name(~~s~~) is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity(i~~es~~), and that by ~~his~~/her/~~their~~ signature(~~s~~) on the instrument the person(s) or the entity upon behalf of which the person(~~s~~) acted, executed the instrument.

WITNESS my hand and official seal.

ANN FERNANDEZ
COMM. # 1501310
NOTARY PUBLIC-CALIFORNIA
SANTA CLARA COUNTY
COMM. EXP. JULY 22, 2008

Signature [signature]

(This area for official notarial seal)

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

**EXHIBIT "A"**

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

ORDER NO. 52102097
ESCROW NO. 27390531

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suits brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior of superior hereto, all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map or plot thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary state that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby give to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees. Upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder. Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor. Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged and is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary of Trustee shall be a party unless brought by Trustee.

SHORT FORM DEED OF TRUST CONTINUED ON NEXT PAGE

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
## DO NOT RECORD

ORDER NO. 52102097
ESCROW NO. 27390531

Doc 2004 111808 executed by Ralph E Gee Sr & Evelyn L. Gee Trustees
May 20, 1976, Reel 1055, Page 908

### REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid.

To Stewart Title of California, Inc., Trustee

Dated ______________

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

______________________________

______________________________

By ______________________________

By ______________________________

MAIL RECONVEYANCE TO:

______________________________

______________________________

______________________________

______________________________

ALL SIGNATURES TO THIS DOCUMENT MUST BE NOTARIZED

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

Doc. G18954
Reel 1055 pg 899-901; Pg. 902-904

Gary K. Dreisbach, a widow

↓

Ralph E Gee Sr. & Evelyn L. Wells, his wife as joint tenants

Signed 04/14/1976.

Acknowledged for RK. 04/26/1976

## LEGAL DESCRIPTION

**Order No.:** 52102097

The land referred to herein is situated in the State of California, County of Monterey, Unincorporated Area described as follows:

PARCEL I:

SITUATE IN THE COUNTY OF MONTEREY, STATE OF CALIFORNIA AND BEING A PART OF THE RANCHO BOLSA NUEVA Y MORO COJO AND BEING ALSO A PORTION OF LOT 6 AS SHOWN ON THE MAP ENTITLED, "PART OF THE RANCHO BOLSA NUEVA Y MORO COJO THE PROPERTY OF C.F. LANGLEY", FILED FOR RECORD JANUARY 10, 1893 IN VOLUME 1 OF SURVEYS AT PAGE 55, MONTEREY COUNTY RECORDS, BEING ALSO A PORTION OF THE LANDS CONVEYED BY MARIETTE V. ROWE TO ERNEST RAMEIL, ET UX, BY DEED DATED OCTOBER 6, 1959 AND RE-RECORDED OCTOBER 9, 1959 IN VOLUME 1996 AT PAGE 506, OFFICIAL RECORDS MONTEREY COUNTY, AND BEING MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS TO-WIT:

BEGINNING AT A 3" X 4" POST STANDING AT THE NORTHEASTERLY OR MOST NORTHERLY CORNER OF SAID LOT 6 THENCE RUNNING ALONG THE EASTERLY BOUNDARY THEREOF BEING THE EASTERLY BOUNDARY OF SAID LANDS OF RAMEIL

(1) SOUTH 18° 19' EAST 611.7 FEET TO A 3/4" PIPE AT THE NORTHEASTERLY CORNER OF THAT CERTAIN 1.233 ACRE TRACT OF LAND CONVEYED IN THE DEED FROM ERNEST RAMEIL ET UX, TO WAYNE VANDERPLUYM, ET UX, DATED SEPTEMBER 7, 1961 AND RECORDED OCTOBER 3, 1961 IN VOLUME 2189 OF OFFICIAL RECORDS AT PAGE 113, MONTEREY COUNTY RECORDS; THENCE LEAVING SAID EASTERLY BOUNDARY OF RAMEIL AND RUNNING ALONG THE NORTHWESTERLY BOUNDARY OF SAID TRACT CONVEYED TO VANDERPLUYM

(2) SOUTH 59° 00" WEST, 229.69 FEET TO A 3/4" PIPE SET; THENCE

(3) NORTH 24° 39' 30" WEST, 20.00 FEET TO A 3/4" PIPE SET; THENCE

(4) SOUTH 59° 00' WEST, 20.00 FEET TO A 3/4" PIPE SET; THENCE

(5) SOUTH 24° 29' 30" EAST, 20.00 FEET TO A 3/4" PIPE SET; THENCE

(6) SOUTH 59° 00' WEST 30.18 FEET TO AN 8" SPIKE SET HEREIN DESIGNATED "A" FOR FUTURE REFERENCE IN THIS DESCRIPTION; THENCE LEAVE LAST MENTIONED BOUNDARY

Continued on next page



STEWART TITLE
Guaranty Company

LEGAL DESCRIPTION - continued
Order No.:52102097

(7) NORTH 24° 39' 30" WEST 534.90 FEET TO A 3/4" PIPE SET ON THE NORTHWESTERLY BOUNDARY OF SAID LANDS OF RAMEIL; THENCE RUNNING ALONG LAST MENTIONED BOUNDARY THIS LINE SHOWN OF RECORD AS NORTH 48° 25' 30" EAST

(8) NORTH 48° 28' EAST, 361.29 FEET TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT PORTION CONVEYED TO DUANE B. CHASE AND FLORENCE M. CHASE, HUSBAND AND WIFE, BY DEED RECORDED MARCH 27, 1963 IN REEL 161, OFFICIAL RECORDS, PAGE 299.

ALSO EXCEPTING THEREFROM THAT PORTION CONVEYED TO CARL A. BOYER AND BARBARA R. BOYER, HUSBAND AND WIFE, BY DEED RECORDED MARCH 10, 1964 IN REEL 295, OFFICIAL RECORDS, PAGE 52.

ALSO EXCEPTING FROM THE ABOVE DESCRIBED PARCEL AN UNDIVIDED 5/8 INTEREST IN AND TO A WELL-SITE DESCRIBED AS:

BEGINNING AT A POINT FROM WHICH THE SOUTHWESTERLY CORNER OF THE ABOVE DESCRIBED PARCEL (AFTER EXCEPTIONS) BEARS SOUTH 32° 57' EAST, 20.00 FEET AND SOUTH 57° 03' WEST, 52.39 FEET.

(1) NORTH 32° 57' WEST, 20 FEET TO A POINT; THENCE

(2) NORTH 57° 03' EAST, 20 FEET TO A POINT; THENCE

(3) SOUTH 32° 57' EAST, 20 FEET TO A POINT; THENCE

(4) SOUTH 57° 03' WEST, 20 FEET TO A POINT OF BEGINNING.

PARCEL II:

A NON-EXCLUSIVE RIGHT OF WAY FOR ROAD AND UTILITIES PURPOSES OVER A STRIP OF LAND 20 FEET WIDE DESCRIBED BY ITS EASTERLY BOUNDARY AS BEGINNING AT THE ABOVE REFERRED TO SPIKE DESIGNATED "A" AND RUNNING THENCE NORTH 24° 39' 30" WEST 270.21 FEET TO A POINT.



Continued on next page

LEGAL DESCRIPTION - continued
Order No.:52102097

PARCEL III:

A NON-EXCLUSIVE RIGHT OF WAY FOR ROAD AND UTILITIES PURPOSES 60 FEET IN WIDTH DESCRIBED BY ITS CENTERLINE AS BEGINNING AT THE ABOVE-DESIGNATED "A" THENCE SOUTH 24° 39' 30" EAST, 402.46 FEET TO LANGLEY CANYON ROAD.

PARCEL IV:

A NON-EXCLUSIVE RIGHT OF WAY FOR ROAD AND UTILITY PURPOSES, 20 FEET IN WIDTH, DESCRIBED BY ITS SOUTHERLY BOUNDARY AS BEGINNING AT POINT "A" DESCRIBED IN THE DEED FROM DOROTHY MORTLOCK TO DUANE B. CHASE AND FLORENCE M. CHASE, HIS WIFE, AS JOINT TENANTS, RECORDED MARCH 27, 1963 IN REEL 161 OF OFFICIAL RECORDS OF MONTEREY COUNTY AT PAGE 299, THENCE NORTH 57° 03' EAST, 165.00 FEET TO A STATION.

PARCEL V:

A NON-EXCLUSIVE RIGHT OF WAY FOR ROAD AND UTILITY PURPOSES, 20 FEET IN WIDTH, DESCRIBED BY ITS WESTERLY BOUNDARY AS BEGINNING AT THE POINT "A" SET FORTH UNDER PARCEL IV HEREIN, THENCE SOUTH 24° 39' 30" EAST, 135.00 FEET TO A STATION.

PARCEL VI:

A RIGHT OF WAY FOR ROAD AND UTILITY PURPOSES, 20 FEET IN WIDTH, DESCRIBED BY ITS WESTERLY BOUNDARY AS BEGINNING AT THE POINT "B" DESCRIBED IN THE DEED FROM DOROTHY MORTLOCK TO CARL A. BOYER AND BARBARA R. BOYER, HIS WIFE, AS JOINT TENANTS, RECORDED MARCH 10, 1964 IN REEL 295 OF OFFICIAL RECORDS OF MONTEREY COUNTY AT PAGE 52, THENCE RUNNING SOUTH 24° 39' 30" EAST 115.00 FEET TO "C" THEREIN.

A.P.N.: 127-281-025 (PARCEL I)
127-281-026 (WELL LOT)



END OF DOCUMENT