IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-598 T
(Judge Bush)

---

FOUR RIVERS INVESTMENTS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE ERRATA**

---

On May 17, 2007, plaintiff filed a motion captioned "Motion for Leave to File Errata." For reasons stated herein, defendant, the United States, respectfully asks this Court to deny plaintiff's motion. In the alternative, in the event the Court decides to grant this motion, defendant asks that this Court not alter the existing briefing schedule for defendant's pending motion to dismiss plaintiff's complaint.

## STATEMENT

On April 11, 2007, plaintiff filed its first amended complaint with this Court, after defendant had filed a motion to dismiss plaintiff's original complaint, and plaintiff had filed a response to defendant's motion to dismiss. On April 20, 2007, this Court ordered defendant to respond to plaintiff's first amended complaint on or before May 4, 2007. Defendant filed a

motion to dismiss plaintiff's first amended complaint on May 3, 2007. Plaintiff has not yet filed its response to this motion, which is due on June 4, 2007.

On May 17, 2007, plaintiff filed with this Court a motion fashioned as a "Motion for Leave to File Errata." Attached to this motion was a document captioned "Errata to Amended Complaint." In these filings, plaintiff alleges that "one item was inadvertently omitted in" its first amended complaint. (Errata to Am. Compl. at 1.) This "item" is an additional jurisdiction allegation in paragraph 2 of plaintiff's first amended complaint. Paragraph 2 of plaintiff's amended complaint, as filed with this Court on April 11, 2007, reads as follows:

> 2. Jurisdiction is also conferred by The Tucker Act, 28 U.S.C. § 1491( See *Unico Services, Inc.*, 71 Fed.Cl. 464) and 26 U.S.C.A. § 7433A.

Plaintiff's "Errata" allege that this paragraph should have read as follows:

> 2. Jurisdiction is also conferred by The Tucker Act, 28 U.S.C. § 1491( See *Unico Services, Inc.*, 71 Fed.Cl. 464), 26 U.S.C.A. § 7433A, and 26 U.S.C. § 7426(a)(1).

(Errata to Am. Compl. at 1; Ex. to Errata to Am. Compl.)

**ARGUMENT**

Regardless of the reasons for plaintiff's failure to include an allegation in its first amended complaint that this Court has jurisdiction over its complaint under 26 U.S.C. § 7426(a)(1), plaintiff, by moving this Court for leave to add this allegation to its complaint, is in fact asking this Court for leave to amend its complaint. Since plaintiff has already amended its complaint once, plaintiff may now amend its complaint "only by leave of court or by written consent of the adverse party."[1] RCFC 15(a). Although a motion for leave to amend a complaint

[1]Defendant has not consented, in writing or otherwise, to plaintiff's proposed amendment.

should "be freely given when justice so requires," *ibid.*, the granting of such a motion is "by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (internal quotations omitted). The reasons a court may deny a motion for leave to amend a complaint include futility, "undue delay, bad faith, dilatory motive, failure to correct deficiencies which could have been cured earlier and undue prejudice to the non-amending party by allowance of the amendment." *Te-Moak Bands of Western Shoshone Indians of Nevada v. United States*, 948 F.2d 1258, 1260-61 (Fed. Cir. 1991).

This Court should deny plaintiff's motion for leave to amend its complaint because the proposed amendment could have been included among plaintiff's previous amendments to its complaint, is futile, and would cause unnecessary delay. Plaintiff has offered no reason for its failure to include its proposed amendment in its previous complaints other than its own inadvertence. Plaintiff's proposed amendment, furthermore, is futile, because it plainly does not remedy the jurisdictional defects in plaintiff's first amended complaint. Section 7426(a)(1) only expressly permits such an action to be brought "in a district court of the United States," not in the Court of Federal Claims. Thus, § 7426 does not provide an alternate basis for jurisdiction in this Court over plaintiff's wrongful levy claims, regardless of whether plaintiff's complaint contains an allegation that § 7426(a)(1) provides the Court with jurisdiction.[2] In light of this futility, granting plaintiff's motion and requiring the parties to begin, for the third time, the process of briefing a motion to dismiss for lack of subject-matter jurisdiction would only serve to delay the

[2] *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981), is not to the contrary, as it did not hold that the Federal Tax Lien Act of 1966 supplanted the Tucker Act as the jurisdictional basis for wrongful levy actions in the Court of Claims. *See id.* at 842, 843 (noting that § 7426 provides for equitable remedies not available in this Court, and holding that "Congress did not intend [§] 7426 to withdraw Tucker Act jurisdiction of third-party levy contests from this Court").

resolution of this case.

In the event that the Court does decide to grant plaintiff's motion for leave to amend, defendant asks that this Court not require defendant to file a new motion to dismiss plaintiff's complaint, and instead treat defendant's motion to dismiss plaintiff's first amended complaint as its motion to dismiss the newly-amended complaint, subject to the existing briefing schedule for this motion. As this Court recently stated in *American International Specialty Lines Insurance Co. v. United States*, 71 Fed. Cl. 37, 39 (2006) ("*AISLIC*"), "in situations where a motion to dismiss addresses purported defects that remain even after the filing of the amended complaint, it is a waste of resources to require defendant to file a new motion." This case presents precisely such a situation. As detailed *supra*, plaintiff's proposed amendment to its first amended complaint does nothing to remedy the jurisdictional defects with this complaint, which are addressed in defendant's motion to dismiss. Consequently, it would needlessly "exalt form over substance" to require the parties to begin the briefing process anew when precisely the same issues would be addressed in a new round of briefing that have been and would be addressed in the briefing for the motion to dismiss the first amended complaint. 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1476 (2d ed. 1990), *quoted with approval in AISLIC*, 71 Fed. Cl. at 39.

## CONCLUSION

For all of the above reasons, the United States requests that this Court deny plaintiff's motion for leave, and, in the event the Court grants plaintiff's motion, requests that the Court adhere to the existing briefing schedule for defendant's pending motion to dismiss plaintiff's complaint.

Respectfully submitted,

May 22, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

May 22, 2007

Of Counsel