# In the United States Court of Federal Claims

No. 06-598 T

(Filed May 24, 2007)

* * * * * * * * * * * * * * * * * * * * * *
FOUR RIVERS INVESTMENTS, INC., *

*Plaintiff*, *

v. *

THE UNITED STATES, *

*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

On May 17, 2007, plaintiff filed what it termed a "Motion for Leave to File Errata." Defendant's response to plaintiff's motion was filed on May 22, 2007. In essence, plaintiff seeks leave to change the second paragraph of its first amended complaint. This paragraph currently reads:

> Jurisdiction is also conferred by The Tucker Act, 28 U.S.C. § 1491(*See Unico Services, Inc.*, 71 Fed. Cl. 464) and 26 U.S.C.A. §7433A.

First Am. Compl. ¶ 2. Plaintiff now would like to change the complaint to add "one item [that] was inadvertently omitted." Pl.'s Mot. at 1. Plaintiff's added "item" would make the second paragraph of the complaint read:

> Jurisdiction is also conferred by The Tucker Act, 28 U.S.C. § 1491(*See Unico Services, Inc.*, 71 Fed. Cl. 464), 26 U.S.C.A. §7433A and 26 U.S.C.§ 7426(a)(1).

Pl.'s Mot. at 2. Thus, plaintiff's proposed addition to the complaint asserts an additional statutory basis for this court's jurisdiction over plaintiff's claims.

This is more than a correction of errata. Alleging an additional basis for jurisdiction, particularly in the context of a briefing schedule for a motion to dismiss for lack of jurisdiction, fundamentally changes the nature of the complaint. Plaintiff's motion seeks leave to amend its first amended complaint. For this reason, the court deems plaintiff's motion, no matter how artfully titled, to be a

motion for leave to file a second amended complaint.

This is not the first time plaintiff has responded to a motion to dismiss for lack of jurisdiction by attempting to amend the complaint before the court. Plaintiff amended the original complaint filed in this case one week after filing its response to defendant's first motion to dismiss. That amendment was allowed by the court, pursuant to persuasive caselaw, because it was the first amendment to the complaint and because it was filed before defendant's answer. *See* Order of April 18, 2007. The timing of the filing of the first amended complaint created additional burdens on defendant and delayed consideration of the jurisdictional issues presented by defendant's first motion to dismiss.

Rule 15 of the Rules of the United States Court of Federal Claims (RCFC) does not afford plaintiff a second, "matter of course" amendment of its complaint. RCFC 15(a). Defendant has not consented to a further amendment of the complaint, and opposes plaintiff's motion on the grounds that the proposed amendment is futile. *See* Def.'s Resp. at 3. In the alternative, defendant argues that if the court allows the proposed amendment, the current motion to dismiss should apply to the second amended complaint, and that the current briefing schedule of that motion should not be interrupted. *Id.* at 4.

The court must balance the policy embodied in RCFC 15 that favors allowing a plaintiff to amend its complaint "when justice so requires," RCFC 15(a), and equally important policies which promote efficiency and fairness to all parties. If the court were convinced that this latest proposed amendment was simply a dilatory tactic on the part of plaintiff to postpone dismissal of its case, the court would be required to deny plaintiff's motion. *See* RCFC Rule 11; *see also Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 & n.4 (Fed. Cir. 1989) (stating that "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment' may justify the denial of a motion for leave to amend" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Or, if the current briefing schedule allowed the court to expeditiously consider the futility argument challenging the proposed amendment, it would make sense to rule on the amendment before disposing of the current motion to dismiss. The calendar does not allow such a luxury, however.

In consequence, the court pursues a middle path. Plaintiff shall file a second amended complaint revising the second paragraph as plaintiff has proposed in its motion. The court agrees with defendant that defendant's motion to dismiss has sufficiently raised jurisdictional challenges to the second amended complaint so that a renewed motion to dismiss will not be necessary. The court also agrees that the parties must adhere to the current briefing schedule for defendant's motion to dismiss. Plaintiff's response to defendant's motion to dismiss continues to be due

on or before June 4, 2007. Plaintiff contemplated and acquiesced in this result when it captioned its motion for leave to file a second amended complaint as a motion for leave to file errata.

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's Motion for Leave to File Errata, filed May 17, 2007, shall be **DEEMED** to be Plaintiff's Motion for Leave to File its Second Amended Complaint;

(2) Plaintiff's Motion for Leave to File its Second Amended Complaint, filed May 17, 2007, is **GRANTED**;

(3) Plaintiff shall **FILE** its Second Amended Complaint on or before **June 4, 2007**, so that the second paragraph reads "Jurisdiction is also conferred by The Tucker Act, 28 U.S.C. § 1491(*See Unico Services, Inc.*, 71 Fed. Cl. 464), 26 U.S.C.A. §7433A and 26 U.S.C.§ 7426(a)(1)" but with no other changes from the First Amended Complaint; and

(4) Plaintiff's response to defendant's motion to dismiss, which was filed May 3, 2007 but nonetheless addresses plaintiff's second amended complaint, shall be **FILED** on or before **June 4, 2007**.

/s/Lynn J. Bush
LYNN J. BUSH
Judge