**IN THE UNITED STATES FEDERAL COURT OF CLAIMS**

**FOUR RIVERS INVESTMENTS, INC**., a
Nevada corporation doing business in California,

Plaintiff, No. 06-598 T

v. (Judge Bush)

**UNITED STATES OF AMERICA and**
**COMMISSIONER OF INTERNAL REVENUE**,

Defendants.

**REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

Pursuant to I.R.C. § 6331(i)(4)(B) , Plaintiff, by and through its counsel Robert Alan Jones, respectfully moves this Honorable Court for a Temporary Restraining Order, and further, for a hearing regarding an Injunction against the IRS regarding levies in violation of I.R.C. § 6331(i) for the reasons stated below.

On October 23, 1996 the IRS allegedly assessed a one hundred percent (100%) trust fund penalty against Thomas E. Seidel. Beginning in April 2003, as noted in the complaint in the instant case, the Internal Revenue Service attached the funds of Four Rivers Investment, Inc. (FRI), the plaintiff in the instant case. The seizures by the IRS were made based on the theory that FRI is the "alter ego" of Thomas E. Seidel. (*See* Second Amended Complaint).

The seizures were made from FRI without affording FRI the benefit of a collection due process hearing which it is entitled to under IRC §§ 6320 and 6330. On approximately August 22, 2006 the plaintiff discovered that the alleged assessment of October 23, 1996 was fraudulent and had not occurred. Later that same month the instant law suit was filed to expose the fraudulent nature

of the assessment and recover the seized funds.(*See* Exhibit 1, Declaration of Vicki Seidel).

In this regard it should be noted that not only is the assessment fraudulent but also plaintiff disputes the allegations that plaintiff is the alter ego of Thomas E. Seidel. Therefore, the latter issue is also before this Court, and any levy action taken against Thomas E. Seidel, his wife Vicki Seidel, or FRI is an action which violates I.R.C. § 6331.

On June 4, 2007, during the pendency of this action, the IRS began levying the bank accounts of Thomas E. Seidel and his wife Vicki R. Seidel[1] to collect the alleged assessment which is the subject of the complaint in the instant case. Once again this was done without giving either FRI, or the Seidels the required benefit of a collection due process hearing to which they had a right under § 6330 of the Internal Revenue Code.

I.R.C. § 6331(i)(1) states in pertinent part:

> No levy may be made ... on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax ... .

I.R.C. § 6331(i)(4)(B) states in pertinent part:

> ... a levy or collection proceeding prohibited by this subsection may be enjoined ... by the court in which the proceeding under paragraph (1) is brought.

Under I.R.C. § 6331(i) the government has waived Sovereign Immunity and its rights under

[1]Vicki Seidel has been absolved by the IRS from any liability for the divisible taxes and penalties at issue in the instant case.(*See* letter from IRS Agent Penrod dated May 13, 1999, attached to Exhibit 1). However, this fact did not deter the IRS from handwriting Vicki Seidel's social security number on the attached Notice of Levy Forms and levying money from her accounts.(*See* Exhibit 2, copies of Notices of Levies).

the Anti-Injunction Act.

This Honorable Court has stated its authority to enjoin the IRS under the circumstances present in the instant case in a recent decision *Unico Services v. U.S.*, 71 Fed. Cl. 464, 466 (2006), in which this Court stated "The Court finds that it has the authority to enjoin a levy or collection pursuant to I.R.C. § 6331(i)(4)(B)." *Id.*

The IRS has irreparably injured FRI and Mr. and Mrs. Seidel because the levies have taken cash necessary both to maintain their businesses and to pay for the living expenses of themselves and their young minor children. Without the funds or the ability to draft checks it is impossible for the Seidels to conduct any form of business, and Mr. Seidel is a self employed electrical contractor.

Anticipating that the IRS intended to violate FRI and the Seidel's rights, the undersigned, on April 11, 2007, mailed a letter to IRS Supervisor Minnie Fields at the IRS office in El Sugundo, California.( See copy attached as exhibit 3). This letter was in response to a copy of IRS Form 9297 that was mailed to Mr. Thomas Seidel stating in part"I will begin enforcement actions such as levies ... . I will take collection action on your personal residence ... ."

In the April 11, 2007 letter counsel informed Ms. Fields that the taxes at issue consisted of the employment taxes of T.E Seidel Electric, Inc. seized from Four Rivers Investments, Inc., a corporation that is alleged by the IRS to be an *alter ego* of Thomas Seidel, and is the Plaintiff herein. As stated above the issue of those taxes is currently the subject of a claim in this Honorable Court. Counsel went on to notify the IRS supervisor that "If your office intends to move forward with any levies or collection activities a motion to enjoin any and all collection activities will be filed in the Federal Court of Claims." (See Exhibit 3).

On June 4, 2007 the Notice of Levy Forms from the IRS dated May 29, 2007 arrived. (See

Declaration of James D. Arthur, Exhibit 4, and Exhibit 2). These Forms seek to levy the same divisible tax and trust refund recovery penalties that are at issue in the instant case pending before this Court.

The Plaintiff will prevail in the instant case due to the illegal assessment by the IRS, and the failure of the IRS to afford the parties the statutorily mandated collection due process hearings. Because the seizures were in the absence of notice, demand or allowing Plaintiff and the Seidels a right to a due process hearing, Defendant may not prevail as a matter of law.

Finally, public policy dictates that the IRS may not attach assets while the taxes and penalties that are the subject of the IRS' collection activities, and the recovery of same, are at issue in a Federal Court.

Counsel has contacted government counsel and they oppose this motion.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to grant the Temporary Restraining Order and further, to set a hearing date as soon as possible regarding a preliminary injunction. Furthermore, the Plaintiff requests that due to the location of the Plaintiff's counsel that he be allowed to attend the conference telephonically.

DATED: This 6th day of June, 2007.

Respectfully submitted,

*//ss// Robert Alan Jones* _______________

Robert Alan Jones, Esq.
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

**CERTIFICATE OF SERVICE**

This is to certify that on June 6, 2007, I caused to be served the foregoing **REQUEST FOR TEMPORARY RESTRAINING ORDER,** by First Class U.S. Mail, postage paid envelope, to the following:

Joseph Syverson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington D.C. 20044

Dated this 6th day of June, 2007.

*//ss// James D. Arthur*
Office of Robert Alan Jones