No. 06-598 T
(Judge Bush)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOUR RIVERS INVESTMENTS, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MARY M. ABATE
JOSEPH B. SYVERSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
(202) 514-9440 (facsimile)

# TABLE OF CONTENTS

Page

**Defendant's Response to Plaintiff's Motion for Temporary Restraining Order Order and Injunction** . . . . 1

**Statement** . . . . 1

**Argument** . . . . 3

I. **This Court Lacks Jurisdiction to Enjoin Collective Activities of the Internal Revenue Service** . . . . 3

II. **This Court Lacks Jurisdiction to Grant Plaintiff the Relief it Seeks Because the Internal Revenue Service Is Not Prohibited by Section 6331(i)(1) from Collecting Thomas Seidel's Unpaid Trust Fund Recovery Penalty Taxes from Him.** . . . . 5

A. **Section 6331(i)(1) does not apply because the Court lacks subject-matter jurisdiction over plaintiff's complaint** . . . . 7

B. **Even if section 6331(i)(1) could, potentially, apply when the underlying suit is jurisdictionally defective, it would not apply in this case, for multiple independently sufficient reasons.** . . . . 11

1. **Section 6331(i)(1) does not apply because plaintiff's suit is not a suit for refund of a divisible tax** . . . . 11

2. **Section 6331(i)(1) does not apply to prohibit collection from the Seidels because the instant suit was brought by Four Rivers Investments, not the Seidels.** . . . . 13

3. **Section 6331(i)(1) does not apply because a decision in this case would not be res judicata with respect to Thomas Seidel's unpaid trust fund recovery penalty, and would not collaterally estop Mr. Seidel from contesting this liability in another proceeding** . . . . 15

**Conclusion** . . . . 18

**Page**

**(Continuation):**

Supplementation Declaration of Joseph B. Syverson (Separately Bounded):

**Exhibit Description**

21. Docket sheet in *Seidel v. United States*, No. 5:07-cv-03141-JF (N.D. Cal), as of June 19, 2007.

22. Complaint in *Seidel v. United States*, No. 5:07-cv-03141-JF (N.D. Cal.), filed June 14, 2007.

23. Motion for Temporary Restraining Order in *Seidel v. United States*, No. 5:07-cv-03141-JF (N.D. Cal.), filed by Vicki Seidel on June 15, 2007.

24. Order entered in *Seidel v. United States*, 5:07-cv-03141-JF (N.D. Cal.), dated June 18, 2007.

## TABLE OF AUTHORITIES

**Cases:**

*Al-Kim, Inc. v. United States*, 650 F.2d 944 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . 15

*Amnex, Inc. v. United States*, 334 F.3d 1052 (Fed. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . 17

*Arctic Corner, Inc. v. United States*, 845 F.2d 999 (Fed. Cir. 1988). . . . . . . . . . . . . . . . . 11

*Brown v. United States*, 105 F.3d 621 (Fed. Cir. 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*EC Term of Years Trust v. United States*, 127 S. Ct. 1763 (2007). . . . . . . . . . . . . . . . . . 14

*Flora v. United States*, 362 U.S. 145 (1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Greening v. United States*, No. 94-36196, 1996 WL. 241534 (9th Cir. May 9, 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229 (Fed. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Montana v. United States*, 440 U.S. 147 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Page**

**Cases (Continuation):**

*Porta-John of America, Inc. v. United States*, 4 F. Supp. 2d 688 (E.D. Mich. 1998). . . . . . . . . . 15

*Rice v. United States*, 31 Fed. Cl. 156 (1994). . . . . . . . . . 4

*Rocovich v. United States*, 933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . 4

*Skillo v. United States*, 68 Fed. Cl. 734 (2005). . . . . . . . . . 4

*Stiles v. United States*, 47 Fed. Cl. 1 (2000). . . . . . . . . . 4

*Unico Serv., Inc. v. United States*, 71 Fed. Cl. 464 (2006). . . . . . . . . . 6, 13

*United States v. King*, 395 U.S. 1 (1969).. . . . . . . . . . 4

*United States v. Ryals*, 480 F.3d 1101. . . . . . . . . . 13

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6311.. . . . . . . . . . 16

§ 6331.. . . . . . . . . . *Passim*

§ 6334.. . . . . . . . . . 5

§ 6502.. . . . . . . . . . 11

§ 6672.. . . . . . . . . . 2, 6, 7, 8, 13

§ 7421.. . . . . . . . . . 5, 6

§ 7426.. . . . . . . . . . 16

§ 7428.. . . . . . . . . . 4

**Page**

**Statutes (Continuation):**

§ 7433.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Judiciary and Judicial Procedures (28 U.S.C.):

§ 451. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§ 1491. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§ 2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§ 2410. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Miscellaneous:**

H.R. Conf. Rep. No. 105-599 (1998), *reprinted in* 1998 U.S.C.C.A.N 288. . . . . . . . . 9, 10

S. Rep. No. 105-174, pt. II (1998), *reprinted in* 1998-3 C.B. 537.. . . . . . . . . . . 8, 10, 12, 13

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-598 T
(Judge Bush)

FOUR RIVERS INVESTMENTS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

On June 6, 2007, plaintiff filed a motion styled as a "Request for Temporary Restraining Order and Injunction."[1] For reasons stated herein, defendant, the United States, opposes the motion, on the ground that the Court lacks jurisdiction to grant plaintiff the relief it requests.

Also currently pending before the Court is defendant's motion to dismiss the complaint (on jurisdictional grounds) which was filed in this case by Four Rivers Investments, Inc., as a

[1] On June 4, 2007, plaintiff filed a document captioned "*Ex Parte* Motion for Temporary Restraing Order and Injunction." Two days later, plaintiff filed the instant motion, and, shortly thereafter, filed a motion to strike the motion it filed on June 4. On June 7, 2007, the Court entered an order granting plaintiff's motion to strike, ordering that defendant's response to the instant motion shall be filed on or before June 21, 2007, 5 p.m. Eastern time, and ordering the parties, in briefing on the instant motion, to "address the applicability of 26 U.S.C. § 6331(i)(1) (2000) and its term 'brought by such person,' to the circumstances of plaintiff Four Rivers Investments, Inc. and the Seidels."

wrongful levy action with respect to property of Four Rivers levied upon by the Internal Revenue Service (IRS) in partial satisfaction of the tax liability of non-party Thomas Seidel. In the instant motion, plaintiff alleges, and defendant does not dispute, that the IRS issued notices of levy, on and after May 29, 2007, with respect to bank accounts held by Thomas and/or Vicki Seidel ("the Seidels") in partial satisfaction of the same outstanding tax liability of non-party Thomas Seidel–*i.e.*, a trust fund recovery penalty assessed against Thomas Seidel, under 26 U.S.C. § 6672, for the tax period ending September 30, 1996. *See* Pl.'s Mot. for TRO and Inj. at 2, Ex. 2. Plaintiff argues that these levies violate § 6331(i)(1), and asks this Court, pursuant to § 6331(i)(4)(B), to enjoin the IRS from executing them. *Id.* at 1.

Subsequent to Four Rivers' filing of this motion, the Seidels have sought injunctive relief, in a federal district court, from the same levies that are the subject of this motion. On June 14, 2007, Vicki Seidel filed a complaint in the United States District Court for the Northern District of California, naming the United States as defendant. (Supp. Syverson Decl. Ex. 21 at 1).[2] In that complaint, Vicki Seidel alleges that her wages and a bank account in her name have been wrongfully levied to satisfy the trust fund recovery penalty assessment made against Thomas Seidel for the tax period ending September 30, 1996. (Ex. 22 ¶¶ 5-6, 11-19.) In addition, the complaint seeks, pursuant to 26 U.S.C. § 7433(b), to enjoin the IRS "from seizing, levying and garnishing any property in which Mrs. Seidel owns or has an interest, on account of the . . . penalty assessment against Thomas E. Seidel." (*Id.* ¶ 25.) Finally, the complaint alleges that the IRS has "recklessly, intentionally, and negligently after clear notice orally and in writing from

---

[2]Hereinafter, exhibits attached to the Supplemental Syverson Declaration, will be cited as "Ex. __."

Mrs. Vicki Seidel's duly authorized, undersigned attorneys disregarded the internal revenue laws of the United States," and further alleges that, as a result, Vicki Seidel is entitled to damages "in an amount of up to $1,000,000.00." (*Id.* ¶ 27.)

One day after filing the complaint in district court, on June 15, 2007, Vicki Seidel filed a motion for a temporary restraining order in the same case. (Ex. 21 at 2.) Although not exactly clear, it appears that the motion sought a temporary restraining order prohibiting the IRS from engaging in any collection activities against Vicki Seidel related to the trust fund recovery penalty assessment against Thomas Seidel until such time as a hearing on Vicki Seidel's request for injunctive relief in her complaint could be heard by the court. (*See* Ex. 23 at 1-4.) The court denied the motion for a temporary restraining order on June 18, 2007, and scheduled a hearing "regarding preliminary injunctive relief" for July 6, 2007. (Ex. 24 at 1.)

## ARGUMENT

### I.

### THIS COURT LACKS JURISDICTION TO ENJOIN COLLECTION ACTIVITIES OF THE INTERNAL REVENUE SERVICE

This Court generally lacks the power to enjoin the IRS from collecting tax, both (1) because that sort of power has not been conferred on this Court, and (2) because such injunctions are explicitly barred by statute.

First, this Court does not have a general grant of declaratory or injunctive power.[3] The

[3] In this respect, the Court of Federal Claims differs from the United States district courts, which are granted declaratory power pursuant to 28 U.S.C. § 2201. This statute grants declaratory power to the "courts of the United States," which does not include the Court of Federal Claims. *See* 28 U.S.C. § 451 (defining "court of the United States" to be the Supreme Court, court of appeals, district courts, and any court created by Act of Congress "the judges of
(continued...)

Tucker Act, which gives the Court of Federal Claims jurisdiction over suits against the United States, "does not provide independent jurisdiction over claims for equitable relief." *United States v. King*, 395 U.S. 1, 5 (1969); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Although the Tucker Act was amended in 1972 to grant the Court of Federal Claims authority to provide certain injunctive and declaratory relief incident to its power to grant a monetary judgment, that grant of authority is specifically limited. The provision states, in relevant part:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. . . .

28 U.S.C. § 1491(a)(2); *see also Rice v. United States*, 31 Fed. Cl. 156, 163 (1994), *aff'd* 48 F.3d 1246 (Fed. Cir. 1995) (Table). This limited grant of injunctive and declaratory power ("restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records") – relevant primarily in the context of military pay cases – has no application in tax litigation.[4]

Second, the "Anti-Injunction Act" prohibits the maintenance in any court of a suit

---

[3](...continued)
which are entitled to hold office during good behavior"); *see also United States v. King*, 395 U.S. 1, 5 (1969) (holding that Declaratory Judgment Act did not give Court of Federal Claims expanded jurisdiction to issue declaratory judgments).

[4]This Court also has jurisdiction to provide declaratory and injunctive relief in bid protest cases. *See* 28 U.S.C. § 1491(b)(2). This provision has no applicability in the instant case, since it is not a bid protest case.

Under 26 U.S.C. § 7428, this Court may make a declaration with respect to the initial qualification or continuing qualification of certain organizations for tax-exempt status. There is no other grant of declaratory authority, and no grant of injunctive authority, to this Court in the Internal Revenue Code. *But see* n.8, *infra*.

brought "for the purpose of restraining the assessment or collection of any tax . . .," except in the instances explicitly delineated in that provision. 26 U.S.C § 7421(a). *See Skillo v. United States*, 68 Fed. Cl. 734, 740 (2005) (pursuant to § 7421(a), this Court does not have jurisdiction to hear claims seeking to restrain collection of tax); *Stiles v. United States*, 47 Fed. Cl. 1, 2 (2000) ("The Anti-Injunction Act provides that once a tax has been assessed, a taxpayer is powerless to prevent the Internal Revenue Service from collecting the tax"). Plaintiff attempts to invoke one of the exceptions to the Anti-Injunction Act (§ 6331(i)(1)); but, as we demonstrate below, this attempt must fail.

## II.

## THIS COURT LACKS JURISDICTION TO GRANT PLAINTIFF THE RELIEF IT SEEKS BECAUSE THE INTERNAL REVENUE SERVICE IS NOT PROHIBITED BY SECTION 6331(i)(1) FROM COLLECTING THOMAS SEIDEL'S UNPAID TRUST FUND RECOVERY PENALTY TAXES FROM HIM

Section 6331(a) provides generally that when a taxpayer liable to pay any tax neglects or refuses to pay such tax, it shall be lawful for the IRS to collect such tax by levy on any of the taxpayer's property or rights to property.[5] Section 6331(i) ("No Levy During Pendency of Proceedings for Refund of Divisible Tax"), the subsection ostensibly relied on by plaintiff, provides, in relevant part (emphasis added):

> (1) IN GENERAL.–No levy may be made under subsection (a) on the property or

---

[5] Section 6331(a) provides in part:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

rights to property of any person with respect to any unpaid divisible tax[6] during the pendency of any proceeding[7] *brought by such person* in a *proper* Federal trial court *for the recovery of any portion of such divisible tax* which was *paid by such person* if--

(A) the decision in such proceeding would be *res judicata* with respect to such unpaid tax; or

(B) such person would be *collaterally estopped* from contesting such unpaid tax by reason of such proceeding.

* * *

(4) LIMITATION ON COLLECTION ACTIVITY; AUTHORITY TO ENJOIN COLLECTION.--

(A).–Limitation on Collection.–No proceeding in court for the collection of any unpaid tax to which paragraph (1) applies shall be begun by the Secretary during the pendency of a proceeding under such paragraph. . . .

(B) Authority to Enjoin.–Notwithstanding section 7421(a), a levy or collection proceeding prohibited by this subsection may be enjoined (during the period such prohibition is in force) by the court in which the proceeding under paragraph (1) is brought.[8]

---

[6] Section 6331(i)(2) defines "divisible tax," for purposes of subparagraph (1), as "any tax imposed by subtitle C" (*i.e.*, employment taxes; *see* §§ 3101-3510), and any penalty assessed under § 6672 with respect to those taxes. In *Flora v. United States*, 362 U.S. 145, 146 (1960), the Supreme Court held that a tax must be fully paid before jurisdiction will lie for a suit for refund of that tax. However, courts have recognized that divisible taxes are an exception to the *Flora* "full payment" rule. *See, e.g., Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991) (explaining that "[a] divisible tax . . . represents the aggregate of taxes due on multiple transactions," and thus is recognized as an exception to *Flora*) (citing *Flora*, 362 U.S. at 175 n.38). In practical terms, this means, for example, that a person liable for collecting and paying over employment taxes to the IRS (such as Thomas Seidel), who has been assessed with a § 6672 penalty for failing to do so, may pay only so much of the assessment as is attributable to one employee for one tax period and then seek a refund of that amount by filing a refund claim and a suit for refund. The decision of a court on the assessed taxpayer's liability for the amount sought would normally be *res judicata* with respect to the unpaid portion of the total assessment for that same tax period.

[7] Section 6331(i)(6) provides that "a proceeding is pending beginning on the date such proceeding commences and ending on the date that a final order or judgment from which an appeal may be taken is entered in such proceeding."

[8] It is the Government's position that the grant of authority to enjoin in § 6331(i)(4)(B), which is an established exception to the Anti-Injunction Act, does not apply to the Court of Federal Claims, for the reasons discussed in Section I, *supra*. *But see Unico Serv., Inc. v. United States*, 71 Fed. Cl. 464, 466-67 (2006) (concluding that Court of Federal Claims has authority to

(continued...)

Given this statutory scheme, in order for the Court to enjoin the levies on the Seidel's property, plaintiff would have to establish (1) that this wrongful levy suit brought by Four Rivers (the plaintiff here) was actually brought by the Seidels as a suit for refund of a (paid) portion of the § 6672 penalty assessed against Thomas Seidel; (2) that this Court is a "proper" court within the meaning of § 6331(i)(1) (*i.e.*, that this Court has jurisdiction over the complaint filed by Four Rivers in this suit); and (3) that a decision in this case would be *res judicata*, or have collateral estoppel effect, with respect to the unpaid portion of the assessment under § 6672 against Thomas Seidel (*i.e.*, that a decision by this Court in this case would conclusively establish that Thomas Seidel–a non-party–did or did not owe the unpaid portion of the assessment). Plaintiff cannot do so.

**A. Section 6331(i)(1) does not apply because the Court lacks subject-matter jurisdiction over plaintiff's complaint**

As its text makes clear, § 6331(i)(1) only prohibits the IRS from levying the property of a taxpayer when that taxpayer has brought a jurisdictionally adequate complaint in a federal trial court. The jurisdictional defects in Four Rivers' complaint render § 6331(i)(1) inapplicable for two reasons.

First, if the Court grants defendant's pending motion to dismiss, then Four rivers would no longer have a "pend[ing] . . . proceeding . . . in a . . . Federal trial court," as is required by § 6331(i)(1). *See also Unico Serv., Inc. v. United States*, 71 Fed. Cl. 464, 467-68 (2006) (holding that § 6331(i)(1) did not apply to bar IRS from collecting taxpayer's unpaid divisible taxes for

[8](...continued)
issue injunctions under § 6331(i)(4)(B)). The Court need not address this issue here because it is rendered moot by the inapplicability of § 6331(i) in the first instance.

years not in suit because the years not in suit were "not the subject *of a proceeding* (pending in a proper federal trial court) for the recovery of the portion of the divisible tax that was paid prior to the suit"). Consequently, if this Court grants defendant's motion to dismiss, it can also deny the instant motion on this ground alone.

Second, § 6331(i)(1) explicitly requires the underlying suit to be jurisdictionally adequate, because it requires the underlying suit to be "brought . . . in a *proper* Federal trial court." (Emphasis added.) Although "proper" as used in § 6331(i)(1) is not explicitly defined, examination of the legislative history reveals that Congress, by using this term, intended to impose a requirement that the court have jurisdiction over the underlying suit in order for § 6331(i)(1) to apply.

As this Court has previously recognized, Congress's intent in enacting § 6331(i) was to "require[] the IRS to withhold collection by levy of liabilities that are the subject of a refund suit during the pendency of the litigation." S. Rep. No. 105-174, pt. II, at 79-80 (1998), *reprinted in* 1998-3 C.B. 537, *quoted with approval in Unico*, 71 Fed. Cl. at 468.[9] As the Senate Committee Report explained, prior to the enactment of § 6331(i), under certain circumstances, "the IRS [was] permitted to assess and collect tax liabilities during the pendency of a refund suit relating to such tax liabilities . . . ." *Ibid.* The Senate Committee Report went on to describe these circumstances:

> Generally, full payment of the tax at issue is a prerequisite to a refund suit. However, if the tax is divisible (such as employment taxes or the trust fund penalty under Code section 6672), the taxpayer need only pay the tax for the applicable period before filing a refund claim. . . . In the case of divisible taxes, it

---

[9]The limitation of the scope of § 6331(i)(1) to suits for refund of divisible taxes provides an additional ground for denying plaintiff's motion. *See infra*, § II.B.1.

> is possible that the taxpayer could be properly under the refund jurisdiction of the District Court or the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount of the tax at issue.

*Ibid.* The reason for the change brought about by § 6331(i) was that Congress believed "that taxpayers who are litigating a refund action over divisible taxes should be protected from collection of the full assessed amount, because the court considering the refund suit may ultimately determine that the taxpayer is not liable." *Ibid.* In explaining how § 6331(i) was intended to operate, the Senate Committee Report was careful to explain the narrow scope of the collection activities barred by § 6331(i):

> This provision will not affect the IRS's ability to collect other assessments that are not subject to the refund suit, to offset refunds, to counterclaim in a refund suit or related proceeding, or to file a notice of Federal tax lien.

*Ibid.* The Conference Committee Report on the amendment adopted the Senate Committee Report, with one clarification that further emphasized the limited scope of the collection activities that § 6331(i) was intended to prohibit. *See* H.R. Conf. Rep. No. 105-599, at 279-80 (1998), *reprinted in* 1998 U.S.C.C.A.N 288, (clarifying that "proceedings related to a proceeding" as used in § 6331(i)(4)(A)(ii) includes "civil actions or third-party complaints initiated by the United States or another person with respect to the same kinds of tax . . . for the same (or overlapping) tax periods").

This legislative history supports a construction of "proper Federal trial court" as requiring a court to have jurisdiction over the underlying suit, in two ways. First, the legislative history itself uses a cognate of "proper" in just this sense in describing the state of the law before enactment of § 6331(i)(1). As seen above, the Senate Committee Report, in explaining the then-existing state of the law that gave rise to the need for § 6331(i)(1), stated that "[i]n the case of

divisible taxes, it is possible that the taxpayer could be *properly under the refund jurisdiction* of the District Court or the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount fo the tax at issue." S. Rep. No. 105-174, at 79-80 (emphasis added). Consequently, the legislative history shows that the concern that motivated Congress to enact § 6331(i) was that a taxpayer could be faced with collection by levy of the unpaid portion of a divisible tax for a given tax period even though the taxpayer had filed a *jurisdictionally proper* suit for refund of a payment the taxpayer had made towards the liability for that tax period.

Second, the legislative history supports this construction of "proper Federal trial court" because this construction carries out Congress's intent, as revealed by the legislative history, to limit the scope of § 6331(i)'s bar. As discussed above, Congress took pains to make clear, both in the Senate Report and in the Conference Committee Report, that § 6331(i) does not serve to bar collection activities by the IRS other than levy of the property of the taxpayer and certain affirmative civil collection actions to satisfy the unpaid portion of a divisible tax that is being litigated in a federal trial court. *See* S. Rep. No. 105-174, at 79-80; H.R. Conf. Rep. No. 105-599, at 279-80. This intent would be frustrated if "proper Federal trial court" were read in such a way that would permit the filing of a jurisdictionally deficient complaint to trigger the prohibitions on collection activity in § 6331(i), because it would expand the scope of collection activities prohibited by the statute, thereby giving taxpayers an incentive to file jurisdictionally defective complaints, and prolong the proceedings necessary to dismiss such complaints, in an

attempt to impede the tax collection efforts of the IRS.[10]

**B. Even if section 6331(i)(1) could, potentially, apply when the underlying suit is jurisdictionally defective, it would not apply in this case, for several independently sufficient reasons**

Even if this Court were to conclude that a suit can be pending in a "proper Federal trial court" within the meaning of § 6331(i)(1), notwithstanding that it is (or may be) jurisdictionally defective, or if it were to conclude that it does have subject-matter jurisdiction over the complaint, Four Rivers would still not be entitled to the relief it seeks in the instant motion. This is so because Four Rivers' request for relief fails to satisfy the statutory prerequisites for the applicability of § 6331(i)(1).

**1. Section 6331(i)(1) does not apply because plaintiff's suit is not a suit for refund of a divisible tax**

---

[10]Two points are worthy of note concerning the differences between the two arguments advanced in this subsection of the brief. First, it is important to note that there is significance to the fact that the second argument, unlike the first, concludes that § 6331(i)(1) explicitly incorporates a requirement that the underlying suit be jurisdictionally proper. Given this difference, if the Court finds the second argument persuasive, it would necessarily be obligated to deny the pending motion to dismiss the complaint prior to granting plaintiff the relief it requests in this motion. Of course, if the Court finds persuasive any of the other arguments advanced in this brief, it could deny the motion on other grounds before ruling on the motion to dismiss.

Second, it is worth noting that the second argument does *not* entail a conclusion that it may seem to on first glance. Section 6331(i)(5) provides that "[t]he period of limitations under § 6502 shall be suspended for the period during which the Secretary is prohibited under this subsection from making a levy." Given that, as demonstrated *supra*, § 6331(i)(1) requires that a court have jurisdiction over the underlying suit in order for § 6502 to apply, it might be thought that the filing of a jurisdictionally defective complaint would never serve to toll the § 6502 limitations period. Such a conclusion, however, would be misguided. Even when a jurisdictionally defective complaint is filed, the court in which the complaint is filed has jurisdiction to resolve the question of its own jurisdiction. *See, e.g., Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988) ("A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."). Consequently, § 6331(i)(5) does serve to toll the § 6502 limitations period when a jurisdictionally defective suit for refund for a particular tax period is filed, provided that the statutory conditions in § 6331(i) are met.

First, § 6331(i)(1) does not prohibit the levies on the property of the Seidels because the suit Four Rivers has filed with this Court is not a suit for a refund of a divisible tax, but, rather, is a suit for wrongful levy and for return of a payment made to discharge a federal tax lien. *See* Second Am. Compl. ¶¶ 4, 12, 17, 21. According to the text of § 6331(i)(1), its prohibition on levy activity applies "during the pendency of any proceeding brought by such person in a proper Federal trial court for the *recovery* of any portion of such divisible tax . . . ." (Emphasis added.) As demonstrated below, Congress intended "recovery" as used in § 6331(i)(1) to be understood in the sense of "refund." Accordingly, § 6331(i)(1), properly understood, only prohibits levy on the property of a taxpayer during the pendency of certain refund suits, not the sort of suit that plaintiff has brought before this Court.

The legislative history of § 6331(i) makes abundantly clear that Congress only intended § 6331(i) to prohibit collection activity during the pendency of a suit for refund of a divisible tax. As explained in more detail above,[11] the legislative history shows that Congress enacted § 6331(i)(1) because it believed that "taxpayers who are litigating a *refund* action over divisible taxes should be protected from collection of the full assessed amount . . . ." S. Rep. No. 105-174, pt. II, at 79-80 (emphasis added). Congress believed that a change was necessary because, under previous law, it was "possible that the taxpayer could be properly under the *refund* jurisdiction of the District Court or the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount of the tax at issue." *Ibid.* (emphasis added). Accordingly, in describing the operation of § 6331(i), the Senate Committee Report explained that "[t]he provision requires the IRS to withhold collection by levy of liabilities that are the subject of a

[11] *See supra*, § II.A.

pending *refund* suit during the pendency of the litigation." *Ibid.* (emphasis added).

Relying upon this legislative history, this Court has recently recognized that § 6331(i)(1) only prohibits levies during the pendency of suits for refund of divisible taxes, and has explicitly equated "recovery" as used in § 6331(i)(1) with "refund":

> The Court finds the application of § 6331(i)(1) limited to a levy made on the unpaid portion of a divisible tax that is the subject of a proceeding (pending in a proper federal trial court) for the recovery of the portion of the divisible tax that was paid prior to the suit. *In other words*, the subsection "requires the IRS to withhold collection by levy of liabilities *that are the subject of a refund suit* during the pendency of the litigation."

*Unico*, 71 Fed. Cl. at 467-68 (quoting S. Rep. No. 105-174, pt. II, at 79-80) (emphasis added); *see also United States v. Ryals*, 480 F.3d 1101, 1108 n.11, 1109 (11th Cir. 2007) (noting that § "6331(i)(5) applies by its terms to the prohibition on levies made during the pendency of certain *refund* actions," and describing § 6331(i)(1) as a provision "which generally prohibits levies from being made during the pendency of certain *refund* proceedings" (emphases added)).

**2. Section 6331(i)(1) does not apply to prohibit collection from the Seidels because the instant suit was brought by Four Rivers Investments, not the Seidels**

Even if Four Rivers could overcome the hurdle posed by the fact that it has not filed a suit for refund of a divisible tax, it still cannot establish that § 6331(i)(1) prohibits the levies on the Seidels' property. Section 6331(i)(1) only prohibits levies against a person's property if a suit for refund of a divisible tax has been "brought *by such person* [*i.e*, the taxpayer] in a proper Federal trial court." (Emphasis added.) This case, however, has been brought by plaintiff, Four Rivers Investments, not the Seidels. As plaintiff admits in its complaint, Thomas Seidel, not Four Rivers, was the taxpayer who was assessed the § 6672 trust fund recovery penalty that the levies on the Seidels that are the subject of this motion are intended to satisfy. *See* Second Am. Compl.

¶ 4. Consequently, the instant suit could not, by virtue of § 6331(i)(1), prohibit the IRS from making these levies, because it has not been brought by the taxpayer.[12]

Contrary to plaintiff's suggestion, this conclusion is not upset by the fact that one of the theories the IRS relied upon to levy plaintiff's property to satisfy Thomas Seidel's outstanding tax liabilities was that Four Rivers was the "alter ego" of Mr. Seidel. *See* Pl.'s Request for Temporary Restraining Order and Injunction at 2. Section 6331(i)(1) would prohibit the levies on the property of the Seidels, if at all, only if this were a "proceeding brought by" Thomas Seidel, and this requirement is not satisfied by implication.

The "proceeding" that Four Rivers relies upon to establish that it is entitled to relief under § 6331(i) is a suit for wrongful levy. It is well-established that a suit for wrongful levy does not lose its character as such by virtue of the fact that the property of the wrongful-levy plaintiff was levied on a theory that the plaintiff was the "alter-ego" of the assessed taxpayer. *See EC Term of Years Trust v. United States*, 127 S. Ct. 1763, 1768 (2007) (holding that remedy for wrongful levy provided by § 7426(a)(1) is a "precisely drawn, detailed statute" that "pre-empts more general remedies," which, consequently, provides an exclusive remedy, pre-empting all more general remedies);[13] *Greening v. United States*, No. 94-36196, 1996 WL 241534, at *1-3 (9th Cir. May 9, 1996) (holding that plaintiff whose property was levied to satisfy the tax liabilities of another, and was levied on theory that she was the alter-ego of the assessed taxpayer, could not

[12]The Seidels seem to have tacitly admitted as much, insofar as Vicki Seidel has filed a complaint in Federal District Court seeking, in part, the same injunctive relief that plaintiff seeks to obtain through the instant motion.

[13]Defendant has explained the impact of the Supreme Court's decision in *EC Term of Years Trust* more fully in the briefing on its motion to dismiss the complaint. *See* Def.'s Mot. to Dismiss at 11-14.

bring quiet title action under 28 U.S.C § 2410 because § 7426 provided exclusive remedy, and rejecting plaintiff's argument that her remedy was not a wrongful levy suit under § 7426 because she was levied as the alter-ego of the assessed taxpayer); *Al-Kim, Inc. v. United States*, 650 F.2d 944, 947-48 (9th Cir. 1979) (rejecting argument advanced by persons who were levied as the alter-ego of the assessed taxpayer that § 7426 "is applicable only in situations where there has been a mistaken or inadvertent seizure by the IRS"); *Porta-John of America, Inc. v. United States*, 4 F. Supp. 2d 688, 699 (E.D. Mich. 1998) (holding that § 7426(a) provided exclusive remedy for person who was levied as a "nominee or alter-ego" of assessed taxpayer).[14] Therefore, the "proceeding" that plaintiff relies upon to establish that it is entitled to relief under § 6331(i) is not a proceeding that has been brought by Thomas Seidel, notwithstanding the fact that plaintiff's property was levied to satisfy Mr. Seidel's tax liability on the theory that plaintiff is the "alter-ego" of Mr. Seidel. Consequently, plaintiff's suit does not constitute a "proceeding brought by" Thomas Seidel, as would be required for § 6331(i)(1) to apply to the Seidels' property.

**3. Section 6331(i)(1) does not apply because a decision in this case would not be *res judicata* with respect to Thomas Seidel's unpaid trust fund recovery penalty, and would not collaterally estop Mr. Seidel from contesting this liability in another proceeding**

Finally, plaintiff's contention that it is entitled to relief under § 6331(i)(1) fails for yet

[14]Indeed, plaintiff seems to agree that its remedy for the allegedly wrongful levies is a suit for wrongful levy. *See* Second Am. Compl. ¶¶ 2, 4, 12, 17. This is hardly surprising, because if a party who is levied on an alter-ego theory were regarded as identical to the assessed taxpayer, the levied party could not bring a suit for wrongful levy, because the assessed taxpayer cannot sue for wrongful levy. *See* § 7426(a)(1) (expressly excluding "the person against whom is assessed the tax out of which [a] levy arose" from the class of persons who have standing to sue for wrongful levy).

another reason, because it does not satisfy the conditions in § 6331(i)(1)(A) and (B). These conditions, taken together, require, as a necessary condition for the applicability of the prohibition on levy activity in § 6331(i)(1), that a final judgment in this case would either be *res judicata* with respect to Thomas Seidel's unpaid trust fund recovery penalty, or would collaterally estop a party seeking to contest this liability in another proceeding.

To establish that collateral estoppel (issue preclusion) applies, a party must show "(1) identity of an issue in a prior proceeding, (2) the identical issue was actually litigated, (3) determination of the issue was necessary to the judgment in the prior proceeding, and (4) the party defending against preclusion had a full and fair opportunity to litigate the issue in the prior proceeding." *Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229, 1232 (Fed. Cir. 2005) (citing *Montana v. United States*, 440 U.S. 147, 153-55 (1979)). None of these elements is satisfied in the present case, because, plaintiff's insistence to the contrary notwithstanding, the validity of the trust fund recovery penalty assessment against Thomas Seidel is *not* at issue in this case. As explained more fully in the briefing on the pending motion to dismiss the complaint,[15] the issue of the validity of the underlying assessment would not properly be before this Court even if it did otherwise have jurisdiction over plaintiff's complaint, because the underlying assessment is *assumed to be valid* for purposes of a wrongful levy suit. § 7426(c) ("assessment upon which the interest . . . of the United States is based shall be conclusively presumed to be valid" for purposes of wrongful levy suit). Consequently, no one would be "collaterally estopped from contesting" Thomas Seidel's unpaid trust fund recovery penalty by virtue of a decision in this proceeding, so § 6311(i)(1)(B) is not satisfied.

[15] *See* Def.'s Reply at 2-6.

For similar reasons, among others, a decision in this case would not be *res judicata* with respect to Thomas Seidel's unpaid trust fund recovery penalty. It is well-settled that, "to prevail on a claim of *res judicata*, the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Amnex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003), *cert. denied* 541 U.S. 1041 (2004). Regardless of whether the other elements may be satisfied, element (3) is clearly not. This is so because, as discussed above, the validity of the underlying assessment against Thomas Seidel is not at issue in this case. As a result, the "transactional facts" related to the underlying assessment are not placed before the Court by plaintiff's wrongful levy claims. Consequently, plaintiff's wrongful levy suit would not preclude a claim in a subsequent suit challenging the underlying assessment against Thomas Seidel.

**CONCLUSION**

For all of the above reasons, the United States requests that this Court deny plaintiff's motion.

Respectfully submitted,

June 21, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

June 21, 2007 Of Counsel