No. 06-598 T
(Judge Bush)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FOUR RIVERS INVESTMENTS, INC.,

Plaintiff

v.

THE UNITED STATES,

Defendant

**REPLY TO THE PLAINTIFF'S RESPONSE TO THE MOTION OF THE UNITED STATES TO DISMISS PLAINTIFF'S [SECOND] AMENDED COMPLAINT**

EILEEN J. O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MARY M. ABATE
JOSEPH B. SYVERSON
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6508
(202) 514-9440 (facsimile)

Page

## TABLE OF CONTENTS

**Reply to the Plaintiff's Response to The Motion of the United States to Dismiss Plaintiff's [Second] Amended Complaint** . . . . . 1

**ARGUMENT:**

**I. The Court Need Not Address Plaintiff's Equitable Tolling Argument Because, Even If the Doctrine Applied Here (It Does Not, as Demonstrated Below), a Defect in the Underlying Assessment Against the Taxpayer Would Not Toll the Statute of Limitations for Wrongful Levy Suits under § 6532(c)** . . . . . 2

**II. Section 6532(c), the Statute of Limitations Applicable To Plaintiff's Wrongful Levy Claims, May Not Be Equitably Tolled.** . . . . . 6

**A. Introduction: *Brockamp* and *Irwin*.** . . . . . 6

**B. Assuming, *arguendo*, that the rebuttable presumption of equitable tolling applies to the statute of limitations applicable to wrongful levy claims, application of the *Brockamp* factors for determining whether this presumption is rebutted leads to the conclusion that Congress did not intend to permit this statute to be equitably tolled.** . . . . . 9

**1. The first *Brockamp* factor: the language of the limitations provision** . . . . . 9

**2. The second *Brockamp* factor: the presence of explicit exception** . . . . . 10

**3. The third *Brockamp* factor: the "nature of the underlying subject matter"** . . . . . 12

**C. A suit against the United States for wrongful levy is not sufficiently similar to any private cause of action to warrant application of the *Irwin* presumption to the statute of limitations for wrongful levy in the first place** . . . . . 15

Page

**Continuation:**

**D. The Federal Circuit has applied *Brockamp* and held that the statute of limitations applicable to bringing suit after denial of a claim for tax refund (§ 6532(a)), which is very similar to the statute of limitations at issue in this case (§ 6532(c)), is not subject to equitable tolling**. . . . . . . . . . . . . . . . . . . 16

**Conclusion**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

**Cases:**

*Aspinall v. United States*, 984 F.2d 355 (10th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340 (3d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 12, 13, 15,16

*Bronson v. United States*, 46 F.3d 1573 (Fed. Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Capital Tracing, Inc. v. United States*, 63 F.3d 859 (9th Cir. 1995). . . . . . . . . . . . . . . . . 15

*Compagnoni v. United States*, 79 A.F.T.R.2d 97-2930, 1997 WL. 416482 (S.D. Fla May 13, 1997), *aff'd* 173 F.3d 1369 (11 Cir. 1999). . . . . . . . . . . . . . . . . . . . 9

*Dahn v. United States*, 127 F.3d 1249 (10th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 14

*EC Term of Years Trust v. United States*, 127 S. Ct. 1763 (2007). . . . . . . . . . . . . . . . . 4, 14

*Fidelity & Deposit Co. v. City of Adelanto*, 87 F.3d 334 (9th Cir. 1996). . . . . . . . . . . . . 14

*Fifth Third Bank v. United States*, 98 A.F.T.R.2d 2006-8364, 2006 WL. 3791950 (S.D. Ohio Dec. 22, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981). . . . . . . . . . . . . . . . . . . . 1, 4, 13, 14

*Gothenburg State Bank & Trust Co. v. United States*, 83 A.F.T.R.2d 99-2342, 1999 WL. 314928 (D. Neb. April 9, 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Holmberg v. Armbrecht*, 327 U.S. 392 (1946). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Page**

**(Cases, Continuation):**

*Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990). . . . . . . . . . . . . . . . 7, 15, 16, 17

*Kirdenhall v. Department of the Army*, 479 F.3d 830 (Fed. Cir. 2007). . . . . . . . . . . . . . . . 11

*Kirkendall v. United States*, 31 F. Supp. 766 (Ct. Cl. 1940). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mallard Automobile Group, Ltd. v. United States*, 343 F. Supp. 2d 949 (D. Nev. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*RHI Holdings, Inc. v. United States*, 142 F.3d 1459 (Fed. Cir. 1998). . . . . . . . . . . 16, 17, 18

*In re Schwartz v. United States*, 954 F.2d 569 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . 5, 6

*Supermail Cargo, Inc. v. United States*, 68 F.3d 1204 (9th Cir. 1995). . . . . . . . . . . . . . . . 15

*United Sand & Gravel Contractors v. United States*, 624 F.2d 733 (5th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Brockamp*, 519 U.S. 347 (1997). . . . . . . . . . . . 6, 7, 8, 9, 10, 12, 15, 16, 17

*Williams v. United States*, 11 Cl. Ct. 189, 191 (1986), *aff'd* 818 F.2d 877 (Fed. Cir. 1987) (Table). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Page**

**Statutes:**

Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, §§ 116, 702,
108 Stat. 4106 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Tax Lien Act of 1966, Pub. L. No. 89-719,
80 Stat. 1125 (1966). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

11 U.S.C. §362.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6325.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 6343.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

§ 6511.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9, 10, 11, 17

§ 6532.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

§ 6672.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

§ 7426.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 10, 18, 19, 20

42 U.S.C. §2000e-16(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Miscellaneous:**

Internal Revenue Service 1995 Data Book . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Internal Revenue Service 2006 Data Book . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Treas. Reg. § 301.6343-2 (26 C.F.R.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-598 T
(Judge Bush)

FOUR RIVERS INVESTMENTS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant

**REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION OF THE UNITED STATES TO DISMISS PLAINTIFF'S [SECOND] AMENDED COMPLAINT**[1]

In our motion to dismiss the complaint on jurisdictional grounds, we demonstrated that the Court lacks jurisdiction over plaintiff's wrongful levy claims because the suit was not timely filed;[2] and that the Court lacks jurisdiction over plaintiff's claim for return of a payment made to

[1] On May 3, 2007, defendant filed a motion to dismiss plaintiff's first amended complaint, and thereafter plaintiff filed a second amended complaint. The original motion to dismiss is now deemed to be defendant's motion to dismiss plaintiff's *second* amended complaint, pursuant to the Court's order of May 24, 2007. Hereinafter, the second amended complaint will be referred to as "complaint."

[2] Section 6532(c) of the Internal Revenue Code mandates that a suit challenging a wrongful levy be filed (in district court) within 9 months of the levy; under *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981), the 9-month limitations period of § 6532(c) applies to "wrongful levy" suits brought pursuant to the Court's Tucker Act implied-in-fact contract jurisdiction; and this suit was not filed within 9 months of the levies at issue.

discharge a federal tax lien, under § 6325.[3] In its opposition to our motion, plaintiff did not challenge or refute any of our contentions.[4] Instead, Four Rivers opposes the motion to dismiss the complaint solely on its allegation that the trust fund penalty assessed, under § 6672, against Thomas Seidel in 1999 (the tax liability that the levies and the lien at issue were intended to satisfy in part) was "fraudulent" and therefore invalid. Based on that allegation, plaintiff now contends for the first time that the Court should equitably toll the 9-month statute of limitations that began to run in 2003, when Four Rivers' property was levied upon and/or became subject to the lien, because plaintiff allegedly "discovered" the "fraud" in August of 2006. *See* Pl.'s Resp. at 6-8.

## ARGUMENT

### I

### THE COURT NEED NOT ADDRESS PLAINTIFF'S EQUITABLE TOLLING ARGUMENT BECAUSE, EVEN IF THE DOCTRINE APPLIED HERE (IT DOES NOT, AS DEMONSTRATED BELOW), A DEFECT IN THE UNDERLYING ASSESSMENT AGAINST THE TAXPAYER WOULD NOT TOLL THE STATUTE OF LIMITATIONS FOR WRONGFUL LEVY SUITS UNDER § 6532(c)

As noted above, plaintiff's opposition to our motion to dismiss the complaint is based

---

[3] There is no judicial remedy available to recover a payment made pursuant to § 6325(b)(2)(A), applicable in this case; if the payment had been made pursuant to another subparagraph of § 6325(b), the only available judicial remedy is a suit in federal district court (not in the Court of Federal Claims); and § 7433A does not provide an alternate jurisdictional ground because it provides as an exclusive remedy a suit against individual IRS employees (not against the United States), in federal district court (not in the Court of Federal Claims). Plaintiff has apparently abandoned its claim based on the lien issue.

[4] For this reason, we will not repeat those contentions here, but rather will limit our response to plaintiff's arguments based on the alleged "fraudulent assessment" and on "equitable tolling."

solely on its contention that it is entitled to equitable tolling of the 9-month statute of limitations for filing suit on its wrongful levy claims. The Court need not reach the equitable tolling issue because Four Rivers' contention would fail even if the Court were to hold that § 6532(c) is subject to equitable tolling. Four Rivers' equitable tolling theory is based on its allegation that it only recently became aware of an alleged defect in the underlying § 6672 penalty assessment made against the taxpayer, Thomas Seidel, that its property was levied to satisfy. *See* Pl.'s Resp. at 5-9. This is so, plaintiff seems to maintain, because it only became aware that it had a cause of action against the United States for wrongful levy once it became aware of this defect. *See ibid*. This argument, however, fails as a matter of law because (as demonstrated in our motion to dismiss and in our opposition to Four Rivers' pending motion for a temporary restraining order and injunction) the underlying assessment is conclusively presumed to be valid for purposes of adjudicating a wrongful levy claim. Consequently, even if it is assumed that plaintiff's allegations are correct, there would be no equitable basis for tolling the statute of limitations, because the existence of a defect in the underlying assessment against the taxpayer is immaterial to whether the third-party (non-taxpayer) plaintiff's property has been wrongfully levied.

Section 7426(c) of the Internal Revenue Code is clear and unequivocal on the issue of the ability of a wrongful levy plaintiff in district court to challenge the validity of the underlying assessment, providing as follows:

> *Validity of assessment.* — For purposes of an adjudication under this section, the assessment of tax upon which the interest or lien of the United States is based *shall be conclusively presumed to be valid*.

(Emphasis added.) *See also Aspinall v. United States*, 984 F.2d 355, 357 (10th Cir. 1993) (holding, on basis of § 7426(c), that wrongful levy plaintiff was not entitled to hearing on the

issue of whether the underlying assessment was valid).

Furthermore, there is no reason to question that the conclusive presumption of the validity of the underlying assessment applicable in wrongful levy actions brought in district court under § 7426 is equally applicable to wrongful levy actions brought in this Court under the Tucker Act.[5] Nothing in this Court's (or its predecessors') prior precedent suggests that a wrongful levy claimant in this Court is entitled to challenge the validity of the underlying assessment against the taxpayer. *See, e.g., Kirkendall v. United States*, 31 F. Supp. 766*,* 768-70 (Ct. Cl. 1940) (holding that plaintiff's property had been wrongfully levied because the money taken from plaintiff was taken from his personal account, not from account he maintained on behalf of the assessed taxpayer). In addition, in *Gordon*, the Court of Claims made clear that, although Congress did not intend to abrogate the Court's pre-existing jurisdiction over wrongful levy claims under the Tucker Act in enacting the Federal Tax Lien Act, it did intend to limit the scope of that jurisdiction to the extent that it was inconsistent with the Court's prior precedent. *See Gordon*, 649 F.2d 843-44 (examining legislative history of Federal Tax Lien Act, and holding that § 6532(c) "implicitly require[s] levy contests under the Tucker Act to be brought within 9 months of the levy"). Thus, even if this Court's precedent prior to the enactment of the Federal Tax Lien Act did permit challenge to the validity of the underlying assessment of the taxpayer,

---

[5] As discussed in our motion to dismiss at 11-14, the Supreme Court's recent decision in *EC Term of Years Trust v. United States*, 127 S. Ct. 1763 (2007), calls into question *Gordon*'s holding that this Court has implied-in-fact contract jurisdiction under the Tucker Act over suits for wrongful levy. This is so, the motion explained, because *EC Term of Years Trust* held that 26 U.S.C. § 7426(a)(1) provides a remedy that "pre-empts all more general remedies," and consequently provides an exclusive remedy, which preempts the more general remedy that *Gordon* held was provided by the Tucker Act.

the basis for such a challenge would have been foreclosed by the enactment of § 7426(c) in the Federal Tax Lien Act.

Thus, even assuming, for the sake of argument, that Four Rivers did only learn of the alleged defect in the assessment made against Thomas Seidel less than nine months before it brought the instant suit, and even assuming that the assessment was in fact invalid,[6] this discovery would not have given plaintiff knowledge that it had a cause of action for wrongful levy against the United States that it previously lacked. The cause of action in a wrongful levy suit is the levy (against the property of a non-taxpayer), not the underlying assessment against the taxpayer. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) (equitable principle that ignorance of fraud tolls statute of limitations only applies "where a plaintiff has been injured by fraud").[7]

---

[6]Defendant does not concede in any way that plaintiff's unsupported allegations that the trust fund recovery penalty assessment against Thomas Seidel was "fraudulently backdated" and "concealed" have any merit.

[7] Four Rivers contends (at 4-5) that the assessment against Thomas Seidel was "void" because it was made in violation of the automatic bankruptcy stay provided for in 11 U.S.C. § 362. As explained in our motion to dismiss, this allegation fails as a matter of law, even assuming that it is somehow relevant. *See* Def. Mot. to Dismiss at 16-17, n.9. This is so because 11 U.S.C. § 362 was amended in 1994 to provide an exception to the automatic stay for the making of a tax assessment. Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, §§ 116, 702, 108 Stat. 4106 (1994) (codified at 11 U.S.C. § 362(b)(9)(D)); *see Bronson v. United States*, 46 F.3d 1573, 1581 (Fed. Cir. 1995) (discussing this change in the Bankruptcy Code), cited in our motion to dismiss at 17, n.9. The amendment was enacted approximately two years prior to the time the Seidels filed for personal bankruptcy. *See* Def. Mot. to Dismiss at 16-17, n.9.

Plaintiff ignores the 1994 amendment to 11 U.S.C. § 362 and instead relies on *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992), a case that was decided prior to the enactment of the Bankruptcy Reform Act of 1994. *Schwartz* would not avail Four Rivers in any event, because it was discussed at length and repudiated by the Federal Circuit in *Bronson* (also a pre-1994 Act case), which held on virtually identical facts that the § 6672 penalty assessment at issue there was (continued...)

Given that Four Rivers cannot challenge the validity of the underlying assessment made against Thomas Seidel, its contention that it is entitled to equitable tolling of the statute of limitations on filing suit for its wrongful levy claims must fail in any event.

## II

## SECTION 6532(c), THE STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S WRONGFUL LEVY CLAIMS, MAY NOT BE EQUITABLY TOLLED

In *United States v. Brockamp*, 519 U.S. 347 (1997), the Supreme Court held that the statute of limitations for the filing of an administrative claim for tax refund with the Internal Revenue Service ("Service") provided for in Section 6511 of the Internal Revenue Code could not be equitably tolled. In reaching its holding, the *Brockamp* Court identified several factors it considered relevant to ascertaining whether Congress intended to permit equitable tolling of a statute of limitation for an action against the United States. Application of these factors to § 6532(c), the statute of limitations applicable to plaintiff's wrongful levy claims, yields the same conclusion.

### A. Introduction: *Brockamp* and *Irwin*

The issue before the Court in *Brockamp* was whether the statute of limitations for the filing of an administrative claim for a tax refund could be equitably tolled. *Brockamp*, 519 U.S. at 348. The statute in question, § 6511(a), provides in part as follows:

> *Period of limitation on filing claim.* — Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the

---

[7](...continued)
"voidable," not "void," and was therefore valid, despite having been made in violation of the automatic stay. 46 F.3d at 1578-79, 1581.

> time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

This issue arose in light of the Supreme Court's holding in *Irwin v. Department of Veteran Affairs*, 498 U.S. 89 (1990). *Brockamp*, 519 U.S. at 349-50. In *Irwin*, the Court held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin*, 498 U.S. at 95-96. In *Brockamp*, the Court elaborated on this holding in two important ways. First, *Brockamp* explained that the *Irwin* rebuttable presumption only arises in the first place if the cause of action against the United States is "sufficiently similar" to a private cause of action. *See Brockamp*, 519 U.S. at 349-50. *Brockamp* did not address this question, assuming *arguendo* that "a tax refund suit and a private suit for restitution are sufficiently similar to warrant asking *Irwin*'s negatively phrased question: Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply?" *Id.* at 350.

Second, and most significantly, *Brockamp* elaborated upon *Irwin* by identifying the factors that courts should look at in determining whether the *Irwin* presumption is rebutted. In answering the question of whether the *Irwin* presumption is rebutted in the case of § 6511 in the negative, *Brockamp* first looked to the language of the limitations provision in § 6511. The Court observed that § 6511 "sets forth its time limitations in unusually emphatic form." *Brockamp*, 519 U.S. at 350. The Court then identified two features of the language of the limitations provision that militated against concluding that Congress intended to permit equitable

tolling. First, the Court observed that § 6511, unlike some limitations provisions, "sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Ibid.* Second, the Court observed that "§ 6511 reiterates its limitations several different times in several different ways." *Id.* at 350-51.

The *Brockamp* Court then looked to the existence and nature of the explicit exceptions contained in the text of § 6511. In this vein, the Court noted that "§ 6511 sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling.'" *Brockamp*, 519 U.S. at 351-52 (citing § 6511(d)).

Finally, *Brockamp* considered the administrative burden that would be imposed if § 6511 did contain an implicit equitable tolling provision. *Brockamp*, 519 U.S. at 352-53. The Court, finding this burden to be severe, described it as follows:

> The IRS processes more than 200 million tax returns each year. It issues more than 90 million refunds. See Dept. of Treasury, Internal Revenue Service, 1995 Data Book 8-9. To read an "equitable tolling" exception into § 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for "equitable tolling" which, upon close inspection, might turn out to lack sufficient equitable justification.

*Id.* at 352. Given this substantial administrative burden, the Court concluded that "[t]he nature and potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases . . . in order to maintain a more workable tax enforcement system." *Id.* at 352-53.

### B. Assuming, *arguendo*, that the rebuttable presumption of equitable tolling applies to the statute of limitations applicable to wrongful levy claims, application of the *Brockamp* factors for determining whether this presumption is rebutted leads to the conclusion that Congress did not intend to permit this statute to be equitably tolled

The statute of limitations applicable to wrongful levy claims, 26 U.S.C. § 6532(c), provides as follows:

> (1) *General rule.* — Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.
>
> (2) *Period when claim is filed.* — If a request is made for the return of property described in section 6343(b), the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

As the Third Circuit has recognized, the same considerations *Brockamp* relied upon to hold that § 6511 is not subject to equitable tolling lead to the same conclusion for § 6532(c). *See Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 341, 347-51 (3d Cir. 2000) (applying *Brockamp*, and holding that "the time limitation in section 6532(c) is a jurisdictional bar that cannot be equitably tolled, regardless of the equities in a given case"), *cert. denied sub nom. Becton Dickinson & Co. v. Internal Revenue Serv.*, 531 U.S. 1071 (2001); *see also Compagnoni v. United States*, 79 A.F.T.R.2d 97-2930, 1997 WL 416482, at *3 (S.D. Fla May 13, 1997) (observing that "the considerations brought to bear in *Brockamp* may dictate the result" that §6532(c) is not subject to equitable tolling), *aff'd* 173 F.3d 1369 (11th Cir. 1999).

### 1. The first *Brockamp* factor: the language of the limitations provision

Like the language of § 6511, the language of § 6532(c) "sets forth its time limitations in unusually emphatic form," and "cannot easily be read as containing implicit exceptions." *Brockamp*, 519 U.S. at 350. Section 6532(c)(1) specifically references the statutory exception to its ninety-day limitations period, stating that this limitations period applies "[e]xcept as provided

by paragraph (2)." Furthermore, § 6532(c)(1) expresses this ninety-day limitations period in mandatory language, stating that "*no* suit or proceeding under section 7426 *shall* be begun after the expiration of 9 months from the date of the levy . . . giving rise to such action." (Emphasis added.) By contrast, the language of the statute of limitations at issue in *Irwin*, 42 U.S.C. § 2000e-16(c), uses permissive language, providing that certain persons "may file a civil action" within the prescribed time period. *See Becton Dickinson*, 215 F.3d at 349-50 (relying upon this contrast between § 6532(c)(1) and 42 U.S.C. § 2000e-16(c) in holding that §6532(c) was not subject to equitable tolling).

**2. The second *Brockamp* factor: the presence of explicit exceptions**

The second factor relied upon by *Brockamp* in holding that § 6511 was not subject to equitable tolling was the presence of explicit statutory exceptions to the prescribed limitations period. *See Brockamp*, 519 U.S. at 351 (noting that "§ 6511 sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling.'") Similarly, § 6532(c) sets forth a very explicit exception to its general limitations period, and one which does not include equitable tolling. *See* § 6532(c)(2) (providing for extension of the limitations period in § 6532(c)(1) in the event that a request is made "for the return of property described in section 6343(b)," which provides that it is lawful for the Secretary to return property to a person "[i]f the Secretary determines that property has been wrongfully levied upon"); *see also* Treas. Reg. § 301.6343-2 (specifying certain procedural requirements for making a request for the return of levied property under § 6343(b)). As the *Becton Dickinson* court concluded, "[t]he existence of an explicit exception in section 6532(c)(2) to the generally applicable nine-month time limitation in section 6532(c)(1) further suggests that the nine-month time

limitation in section 6532(c)(1) cannot be equitably tolled." *Becton Dickinson*, 215 F.3d at 350.

Plaintiff attempts to argue that this factor tells in favor of equitable tolling by means of misleading selective quotation from defendant's motion to dismiss. *See* Pl.'s Resp. at 7-8. In our motion to dismiss, we explained that plaintiff had not alleged that the § 6532(c)(2) exception applied, arguing as follows:

> Plaintiff does not allege that it has made any previous request to the IRS to return any of the levied property that is the subject of this complaint, let alone a request that comports with the requirements of Treas. Reg. § 301.6343-2(b). Consequently, it cannot avail itself of § 6532(c)(2) to extend the general nine-month statute of limitations for wrongful levy claims in § 6532(c)(1). Therefore, plaintiff's wrongful levy claims are all untimely under § 6532(c), as there are no other exceptions, statutory or equitable, to the § 6532(c)(1) limitations period.

Def. Mot. to Dismiss at 16 (citations omitted). Plaintiff's response, quoting a portion of the last sentence in the above-quoted passage, states as follows:

> The government takes great pains in its motion to dismiss to point out that there are no "exceptions, statutory or equitable, to the § 6532(c)(1) limitations period." This is the exact reason that equitable tolling should be allowed in the instant case and that the Federal Circuit cited to in *Kirkendall* [*v. Department of the Army*, 379 F.3d 830 (Fed. Cir. 2007)].

Pl.'s Resp. at 8.

When these two passages are compared, it is clear that plaintiff, by omitting the "other" from the sentence it quotes from defendant's motion to dismiss, has materially distorted the sense of the sentence it quotes. Plaintiff's quotation attempts to make it appear that defendant has stated that there are no statutory exceptions to the § 6532(c)(1) limitations period, when in fact the motion to dismiss merely states that there are no statutory exceptions to the § 6532(c)(1) period *that apply in the instant case*, not in total. As is plain from the statute itself, § 6532(c) does contain an explicit exception in § 6532(c)(2), and, as explained *supra*, the presence of this

explicit exception in § 6532(c) tells against a conclusion that Congress intended to permit equitable tolling of the § 6532(c)(1) limitations period.

**3. The third *Brockamp* factor: the "nature of the underlying subject matter"**

The final consideration relied upon by *Brockamp* was the potential impact upon administrative efficiency of permitting equitable tolling of a statute of limitations contained in the Internal Revenue Code. *See Brockamp*, 519 U.S. at 352-53. The *Brockamp* court was persuaded that Congress did not intend to implicitly permit tolling of the limitations period in § 6511 because:

> read[ing] an "equitable tolling" exception into § 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for "equitable tolling" which, upon close inspection, might turn out to lack sufficient equitable justification.

*Id.* at 352.

Reading an equitable tolling exception into § 6532(c) could impose a similar, or even greater, administrative burden upon the Service. As the *Becton Dickinson* court noted, "equitably tolling the time limitation in section 6532(c) could nevertheless pose serious administrative problems" because any person (other than the assessed taxpayer) who claims an interest in the levied property can bring a wrongful levy claim. *See Becton Dickinson*, 215 F.3d at 350-51. Further, the number of levies upon third parties that could potentially give rise to wrongful levy claims is vast and growing. According to official statistics published by the Service, approximately 3.7 million notices of levy were issued to third parties by the Service in fiscal year 2006, an over 100% increase from the number issued in fiscal year 2003. *See* Dept. of Treasury,

Internal Revenue Service, 2006 Data Book, Table 16.[8] Consequently, the potential administrative burden that would result from reading an implied equitable tolling exception into § 6532(c) is vast, because "equitable tolling could lead to myriad, stale wrongful levy claims by various third parties." *Becton Dickinson*, 215 F.3d at 351.

In addition, the legislative history of § 6532(c) provides even more direct evidence that Congress did not intend to permit equitable tolling. Section 6532(c) was added to the Internal Revenue Code by the Federal Tax Lien Act of 1966, Pub. L. No. 89-719, 80 Stat. 1125 (1966). In *Gordon v. United States*, 649 F.2d 837 (Ct. Cl. 1981), this Court's predecessor court extensively examined the legislative history of the Federal Tax Lien Act. The *Gordon* court, rejecting the plaintiff's contention that Congress did not intend to apply the § 6532(c) statute of limitations to wrongful levy actions in the Court of Claims, pointed out that applying the longer 6- year statute of limitations generally applicable to actions under the Tucker Act would run counter to Congress's clear intent to ensure that wrongful levy claims are resolved quickly:

> The legislative history on this point is clear that third-party levy contests should be resolved quickly. Congress was clearly concerned that levy contests more than 9 months after the levy would prevent ultimate collection of the tax, thereby endangering the federal treasury. The problems of administration become inordinately more complex after a levy is set aside, for the Government must begin anew to collect the delinquent tax. Physical collection becomes far less likely, as taxpayers may have disappeared or disposed of their assets in the

---

[8]In Fiscal Years 2003-06, the number of notices of levy issued to third parties by the Service were as follows (*ibid.*):

| Fiscal Year | Notices of Levy |
|---|---|
| 2003 | 1,680,844 |
| 2004 | 2,029,613 |
| 2005 | 2,743,577 |
| 2006 | 3,742,276 |

> intervening period. Section 110(b) of the [Federal] Tax Lien Act (presently I.R.C. s 6532(c)) addresses the concerns by requiring levy contests to be made within 9 months of the levy.

*Gordon*, 649 F.2d at 843-44 (citations omitted); *see also EC Term of Years Trust*, 127 S. Ct. at 1766 (examining legislative history of Federal Tax Lien Act, and concluding that "The demand for greater haste when a third party contests a levy is no accident"; *Dahn v. United States*, 127 F.3d 1249, 1253 (10th Cir. 1997) (stating that the nine-month limitations period of Section 6532(c) "effectuated Congress' judgment" that the Government's need to know whether it must look to other assets to collect a tax owed warranted a shortened limitations period); *Fidelity & Deposit Co. v. City of Adelanto*, 87 F.3d 334, 337 (9th Cir. 1996) (stating that "the intent of Congress" was "that a short nine-month limitations period is desirable for disputes involving tax levies because the government needs to know sooner rather than later whether it must look to other assets of the taxpayer to satisfy the taxpayer's liability."); *United Sand & Gravel Contractors v. United States*, 624 F.2d 733, 739 (5th Cir. 1980) (examining legislative history of the Federal Tax Lien Act, and concluding that § 6532(c) "protects the legitimate interest of the United States in requiring other claimants of the seized property to bring their claims quickly").

This evident concern of Congress with ensuring that wrongful levy disputes be resolved quickly further counsels against reading an equitable tolling exception into § 6532(c). Permitting equitable tolling of the nine-month limitations period prescribed in § 6532(c)(1) would permit extension of this limitations period beyond the narrowly circumscribed exception provided for in § 6532(c)(2). Such an extension would frustrate Congress's intent in enacting § 6532(c) to ensure that wrongful levy contests are resolved quickly so as not to jeopardize the efficacy of tax collection. Therefore, this Court should conclude that Congress did not intend to permit

equitable tolling of the limitations period for wrongful levy actions.[9]

**C. A suit against the United States for wrongful levy is not sufficiently similar to any private cause of action to warrant application of the *Irwin* presumption to the statute of limitations for wrongful levy in the first place**

Even if this Court were to conclude that the *Irwin* rebuttable presumption is not rebutted in the case of § 6532(c), the Court still should hold that the limitations period in § 6532(c) cannot be equitably tolled because there is no private cause of action that is analogous to a cause of action against the United States for wrongful levy.[10] As the Third Circuit explained in *Becton Dickinson*, "like the time limitation at issue in *Brockamp*, but unlike the time limitation at issue in *Irwin*, the time limitation in § 6532(c) applies *only to suits brought against the government and not suits brought against private defendants*." *Becton Dickinson*, 215 F.3d 348-49 (emphasis in original). Consequently, there is reason to question whether there is sufficient

---

[9]There are a handful of cases from other circuits that have held that the limitations period in § 6532(c) can be equitably tolled, but these holdings are questionable. Some of the cases were decided after the Supreme Court's decision in *Irwin*, but before its decision in *Brockamp*, and consequently overstate the scope of the holding in *Irwin*. *See Capital Tracing, Inc. v. United States*, 63 F.3d 859, 861-62 (9th Cir. 1995); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Other cases fail, for various reasons, to give full consideration to all the *Brockamp* factors. *See Fifth Third Bank v. United States*, 98 A.F.T.R.2d 2006-8364, 2006 WL 3791950, at *3 (S.D. Ohio Dec. 22, 2006) (failing to examine *Brockamp*, and holding that § 6532(c) can be equitably tolled on basis of dictum in unreported Sixth Circuit opinion that the Sixth Circuit had not yet decided whether § 6532(c) was subject to equitable tolling); *Mallard Auto. Group, Ltd. v. United States*, 343 F. Supp. 2d 949 (D. Nev. 2004) (holding that § 6532(c) can be equitably tolled exclusively on the basis of its assumption that *Brockamp* did not "erode[] the vitality" of pre-*Brockamp* Ninth Circuit precedent on the issue); *Gothenburg State Bank & Trust Co. v. United States*, 83 A.F.T.R.2d 99-2342, 1999 WL 314928, at *3 (D. Neb. April 9, 1999) (holding that § 6532(c) can be equitably tolled exclusively on the authority of the reasoning of the district court in *Becton Dickinson*, which was rejected by the Third Circuit).

[10]Recall that *Brockamp* did not reach the issue of the similarity between a claim for refund and a private cause of action because it concluded that the *Irwin* presumption, assuming that it was applicable to § 6511, would be rebutted regardless. *See Brockamp*, 519 U.S. at 349-53.

similarity between a cause of action for wrongful levy and a private cause of action for restitution to warrant application of the *Irwin* rebuttable presumption.

Furthermore, as *Brockamp* itself observed, there are significant differences between the common-law cause of action against the tax collector, the forerunner of statutory causes of action against the United States in the Internal Revenue Code, and private causes of action for restitution. *See Brockamp*, 519 U.S. at 350 (citing authorities that distinguished common law collector suits from private suits for restitution). For these reasons, "the reasoning of the *Irwin* Court is entirely unpersuasive with respect to [§] 6532(c)," because it "is similar to the tax provision considered in *Brockamp* and distinguishable from the Title VII limitation considered in *Irwin* . . . ." *Becton Dickinson*, 215 F.3d at 349.

**D. The Federal Circuit has applied *Brockamp* and held that the statute of limitations applicable to bringing suit after denial of a claim for tax refund (§ 6532(a)), which is very similar to the statute of limitations at issue in this case (§ 6532(c)), is not subject to equitable tolling**

The Federal Circuit, although it has not yet addressed the precise issue of whether the § 6532(c) statute of limitations is subject to equitable tolling,[11] held in *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462-63 (Fed. Cir. 1998), that "there is no implied equitable exception" in 26 U.S.C. § 6532(a), the statute of limitations for bringing a suit after denial of an administrative claim for tax refund. In so doing, *RHI Holdings* examined the statute in light of two of the three *Brockamp* factors identified above, and concluded on this basis alone that the *Irwin* presumption

[11]In an opinion issued prior to both *Irwin* and *Brockamp*, this Court's predecessor court held that a mental disability could not toll the statute of limitations for bringing a wrongful levy claim because no such exception was provided for in the text of § 6532(c). *See Williams v. United States*, 11 Cl. Ct. 189, 191 (1986), *aff'd* 818 F.2d 877 (Fed. Cir. 1987) (Table).

was rebutted.[12] *See id.* at 1462.

First, the court looked to the language of the limitations provision in § 6532(a), and concluded that "[s]ection 6532(a) sets forth its limitations in a detailed, technical manner, and reiterates the two year limitations in subsections (1), (2) and (3)." *RHI Holdings*, 142 F.3d at 1462. Then, the *RHI Holdings* court looked to the existence of explicit statutory exceptions to the limitations period, noting that § 6532(a) "prescribes a particular process for extending the two year period in subsection (2)." *Ibid.* Placing particular emphasis on this factor, the court concluded that the presence of this provision "*strongly implies* that there are no other exceptions to the statutory period." *Ibid.* (emphasis added). Finally, the court also took note of § 6532(a)(4), which provides that actions by the IRS after the mailing of a notice of disallowance of a claim for refund do not act to extend the time period for filing suit, observing that "[t]his language explicitly prohibits equitable considerations based on the actions of the IRS after a notice is mailed." *Ibid.* Taking these considerations together, the *RHI Holdings* court concluded that "there is less reason to believe that section 6532 has an implied equitable exception than section 6511, which was examined by the Supreme Court in *Brockamp.*" *Ibid.*

Section 6532(c) contains the same features as § 6532(a) that *RHI Holdings* relied upon to reach its holding. The language of § 6532(c), like that of § 6532(a), reiterates its limitations period. Further, both § 6532(a) and § 6532(c) contain explicitly enumerated exceptions to the stated limitations period. Finally, § 6532(c) contains an explicit textual indication that equitable tolling is not permitted, analogous to § 6532(a)(4). *Compare* § 6532(c)(1) (expressly stating that

---

[12] Like the Supreme Court in *Brockamp*, the Federal Circuit did not address *Irwin's* "similarity" issue.

9-month limitation period applies "[e]xcept as provided by paragraph (2)") *with* § 6532(a)(4) (expressly stating that actions by the Secretary after the mailing of a notice of disallowance of a claim for refund "shall not operate to extend the period within which suit may be begun"). Given the affinity between § 6532(a) and § 6532(c), this Court should follow *RHI Holdings* and hold that the limitations period in § 6532(c) is not subject to equitable tolling.

**CONCLUSION**

For all of the above reasons, the United States requests that this Court dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

June 21, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

June 21, 2007

Of Counsel