**IN THE UNITED STATES FEDERAL COURT OF CLAIMS**

**FOUR RIVERS INVESTMENTS, INC**., a
Nevada corporation doing business in California,

Plaintiff, No. 06-598 T

v. (Judge Bush)

**UNITED STATES OF AMERICA and**
**COMMISSIONER OF INTERNAL REVENUE**,

Defendants.

**RESPONSE TO GOVERNMENT'S OPPOSITION TO *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

The government has attempted, in its opposition to ignore the case law in this Court and rely on outdated cases to circumvent the jurisdiction of this Court.

**A. 26 U.S.C. § 6331(i)(1) applies because this Honorable Court has subject matter jurisdiction over this Motion for Temporary Restraining Order**

26 U.S.C. § 6331(i)(1) states in pertinent part:

> No levy may be made ... on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisible tax ... .

*Id.*

26 U.S.C.§ 6331(i)(4)(B) states in pertinent part:

> ... a levy or collection proceeding prohibited by this subsection may be enjoined ... by the court in which the proceeding under paragraph (1) is brought.

*Id.*

Therefore, under 26 U.S.C. § 6331(I) the government has waived Sovereign Immunity and

its rights under the Anti-Injunction Act.

The government, in its opposition, attempts to argue around the controlling case law which states that this Court has jurisdiction over the instant motion. This Honorable Court has stated its authority to enjoin the IRS under the circumstances present in the instant case in a recent decision *Unico Services v. U.S.*, 71 Fed. Cl. 464, 466 (2006), in which this Court stated "The Court finds that it has the authority to enjoin a levy or collection pursuant to 26 U.S.C. § 6331(i)(4)(B)." *Id.* The finding in *Unico Services* plainly states that jurisdiction lies with this Court.

**B. The government should be judicially estopped from arguing both sides of its alter ego assertion.**

The government, in its opposition to the plaintiff's motion for TRO and injunction attempts to argue against its own argument. In order to attempt to pierce the corporate veil and levy monies from the plaintiff, Four Rivers, the government stated that the plaintiff is an alter ego of Mr. Thomas Seidel. (See Exhibit 1). The government in its own pleading states a ground that the IRS "relied upon to levy plaintiff's [Four Rivers] property to satisfy Thomas Seidel's outstanding tax liabilities was that Four Rivers was the 'alter ego' of Mr. Seidel." (See document 34, page 14 of the government's opposition).

Now the government states that Thomas and/or Vicki Seidel whom have been levied for the same divisible taxes individually through their personal bank accounts as well as 100% of Vicki Seidel's wages and whom the government states are the alter ego of Four Rivers are not "the taxpayer." (id.). The government cannot have its cake and eat it too.

Either Four Rivers is an alter ego of Thomas Seidel, which cures the issue of standing, in which case the government's argument in its opposition is invalid, or it is not, and the levies against

the plaintiff, Four Rivers, were wrongfully made. The government is implying, in its opposition, that Four Rivers is an alter ego of Thomas Seidel when it benefits the IRS but not when it disadvantages the IRS. This practice has been addressed by this Honorable Court recently in *Cuyahoga Metropolitan Housing Authority v. United States*, 65 Fed.Cl. 534 (2005). In *Cuyahoga Metropolitan Housing Authority* this Court not only laid out the doctrine of judicial estoppel that is applicable here, but stated that it is applicable against the United States. *Cuyahoga Metropolitan Housing Authority* at 554-55.

In *Cuyahoga Metropolitan Housing Authority* this Court went on to state:

> The doctrine of judicial estoppel, [the Federal Circuit has stated,] is that where a party successfully urges a particular position in a legal proceeding, it is estopped from taking a contrary position in a subsequent proceeding where its interests have changed. *Data Gen. Corp. V. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996). ... As colorfully described by the Sixth Circuit: Courts have used a variety of metaphors to describe the doctrine, characterizing it as a rule against "playing 'fast and loose with the courts,' "blowing hot and cold as the occasion demands," or hav[ing] [one's] cake and eat[ing] it too." Emerson's dictim that "a foolish consistency is the hobgoblin of little minds" cuts no ice in this context. *Reynolds v. Comm'r*, 861 F.2d 469, 472 (6th Cir. 1988).

*Cuyahoga Metropolitan Housing Authority* at 554.

### C. Equitable tolling should be allowed in the instant case because it satisfies the two steps set forth in *United States v. Brockamp*, 519 U.S. 397 (1997).

Pursuant this Honorable Court's Order of June 15, 2007, the Plaintiff hereby presents argument why the instant case satisfies the two step process set forth in *Brockamp* and equitable tolling is applicable in the instant case.

The controlling case for equitable tolling is *Irwin v. Department of Veterans Affairs*, 498 U.S.

89 (1990). In *Irwin* Justice Rhenquist delivered the opinion stating:

> ... we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. ... We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. ... We have allowed equitable tolling in situations where ... the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

*Id.* at 95-96.

The government stated in its motion that there is a nine (9) month statute of limitation for suits brought under § 7426. The effect of the actual statutory language of statutes of limitation in regards to equitable tolling has very recently been addressed by the Federal Circuit in *Kirkendall v. Department of the Army*, 379 F.3D 830 (C.A. Fed. March 7, 2007).

In *Kirkendall* the government conceded that 5 U.S.C. §3330a(a)(2)(A) is subject to equitable tolling even though the technical language states "”A complaint under this subsection must be filed within 60 days after the date of the alleged violation." The government however, argued that based upon the language "in no event may any such appeal be brought" that Congress manifested a clear intent to rebut the *Irwin* presumption. The Federal Circuit disagreed stating:

> ... in order to honor congressional intent, the *Irwin* presumption can be rebutted if "there is good reason to believe that Congress did not want the equitable tolling doctrine to apply." *United States v. Brockamp*, 519 U.S. 347, 350 (1997). ... "It is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute." *United States v. Beggerly*, 524 U.S. 38, 48 (1998). ... While the "in no event" clause is certainly strong, when the statute's language is considered as a whole that clause is evaluated in context, the statute's technical language is little more than a neutral factor in our analysis under *Brockamp*. When taken together with the remaining factors, it

> certainly does not operate to rebut the *Irwin* presumption.

*Kirkendall*, *supra* at 836.

This Honorable Court stated in a recent decision referring to a *Tucker Act* claim, that it:

> differs from the *Irwin* statute in that it contains its own tolling provisions for persons 'under legal disability or beyond the seas at the time the claim accrues,' a factor that the [United States Supreme] Court in *Brockamp* regarded as weighing against recognizing other nonstatutory exceptions to the limitations period.

*Land Grantors In Henderson, Union, and Webster Counties, Kentucky v. United States*, 74 Fed.Cl.518,525 (2006).

The *Kirkendall* Court stated *Brockamp's* [1] analysis as: "to determine the availability of equitable tolling in suits against the government, we engage in a two-part inquiry. First, we determine whether such tolling is available in a sufficiently analogous private suit. If so, we look at the *Brockamp* factors to determine whether Congress expressed a 'clear intent' that equitable tolling not apply."*Kirkendall*, *supra* at 837.

The United States is not immune from the equitable tolling doctrine. The Federal Circuit in addressing this issue stated:

> Because *Irwin* states a rule of general applicability for equitable tolling in suits against the United States, we have no reason to assume that the general rule is applicable to some, but not other time limits that govern suits against the United States. The rule we draw from *Irwin* is that the doctrine of equitable tolling, when available in

[1] The government may claim that *Brockamp* states that equitable tolling is not available here. However, the instant case is not brought under the refund claim statute 26 U.S.C. § 6511 contemplated by the *Brockamp* court and therefore does not control in this instance. The statute in *Brockamp* states that it "would create 'serious administrative problems' in light of the 200 million tax returns filed each year." One hopes that there are relatively few suits brought by "others than taxpayers", where the IRS has harmed others than the taxpayers themselves. Further, if the IRS' aim is so poor as to target similarly situated plaintiffs equitable tolling should be available.

> comparable suits of private parties, is available in suits against the United States ... .'

*Bailey v. West*, 160 F.3d 1360, 1364 (Fed. Cir. 1998), citing to *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990).

> 'We have allowed *equitable tolling* in situations ... where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' Certainly, the availability of the various equitable remedies for relaxing limitations periods are governed by differing considerations, but as the Supreme Court makes clear, these remedies are sufficiently similar that precedents relating to the availability of one are applicable to the others.

*Kirkendall*, *supra* at 836.

Therefore, under the facts of the instant case the first prong of the test is satisfied.

In *Brockamp*, "the Court based its conclusion on the fact that the statute 'sets forth its limitations in a highly detailed technical manner, that linguistically speaking, cannot easily be read as containing implicit exceptions. ... '" . *Kirkendall*, *supra* at 836.

The statute at issue states one simple time limit.

> No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid divisible tax during the pendency of any proceeding brought by such person in a proper Federal trial court for the recovery of any portion of such divisable tax which was paid by such person ... .

26 U.S.C.§ 6331(i)(1).

As stated by this Court in *Christofferson v. United States*, 64 Fed.Cl. 316 (2005), "The tax code at issue set out the limitations period in a 'highly detailed technical manner' that 'linguistically speaking [could not] be read as containing implicit exceptions." As is evident here the language set forth in section 6511 which took the court in *Brockamp* nearly two pages to track, the plain language

of 26 U.S.C. § 6532(c) does not stand up under the *Brockamp* analysis and therefore, the *Irwin* presumption can not be rebutted. *Kirkendall*, *supra*.

SUMMARY AND CONCLUSION

This honorable court directed the parties to address the applicability of 26 U.S.C. § 6331(i)(1) and its term brought by such person to the circumstances of Four Rivers Investments, Inc. and the Seidels. The government has used considerable time and space in its response to the Court's order to challenge the jurisdiction of this Court with respect to this particular law suit in order to avoid the core issues of proper injunctive relief. However, the government has admitted at footnote 10, page 11 of their brief, "Even when a jurisdictionally defective complaint is filed, the court in which the complaint is filed has jurisdiction to resolve the question of its own jurisdiction." As a result the issues which we need to resolve are issues of substance not jurisdiction.

The law is clear as currently expressed by this court that there is no exception to the grant of authority to enjoin the Treasury Department of the IRS in the United States Court of Claims as expressed in IRC § 6331*Unico Serv., Inc. v. United States,* 71 Fed. CI. 464, 466-67 (2006). The question as to whether Four Rivers may take advantage of that grant of authority may be resolved as follows.

We agree that:

> The legislative history of § 6331(i) makes abundantly clear that Congress only intended § 6331(i) to prohibit collection activity during the pendency of a suit for refund of a divisible tax. As explained in more detail above, the legislative history shows that Congress enacted § 6331 (i)(1) because it believed that "taxpayers who are litigating a refund action over divisible taxes should be protected from collection of the full assessed amount...." S. Rep.

> No. 105-174, pt. II, at 79-80 (emphasis added). Congress believed that a change was necessary because, under previous law, it was "possible that the taxpayer could be properly under the *refund* jurisdiction of the District Court or the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount of the tax at issue." *Ibid.* (emphasis added). Accordingly, in describing the operation of § 6331(i), the Senate Committee Report explained that "[t]he provision requires the IRS to withhold collection by levy of liabilities that are the subject of a pending *refund* suit during the pendency of the litigation." *Ibid.* (emphasis added)."

First it is clear that this is a lawsuit for a refund of seized payroll taxes (penalties) from a third party taxpayer (the alleged alter ego of the assessed taxpayer). It is also a lawsuit to prevent the Internal Revenue Service from seizing additional amounts of the payroll taxes they allege are due during the pendency of the lawsuit. At heart of the issues in the lawsuit is the actual validity of the assessment itself against anyone.

The IRS has pointed out be the government in its brief in opposition has begun similar seizure provisions against another third party taxpayer Mrs. Vicki Seidel against whom there are no assessments. Neither the plaintiff herein, Four Rivers, Inc., nor Mrs. Vicki Seidel either have assessments against them, or have they been afforded hearings of any type or manner to determine whether or not either or both of these parties has any liability for the assessment made against Mr. Tom Seidel.

Thus in effect, if this Court does not rule that the instant refund action allows injunctive relief to the third party plaintiff as opposed to "the name assessed taxpayer," the government would be allowed to "willy nilly" take collection action against any party they allege, without due process, owes the divisible payroll tax of another. This will totally defeat the expressed intention

of Congress as set out above. The point of the statute is to interrupt the IRS collection of the taxes until a determination can be made as to their validity – not to force multiple victims of IRS levies to attempt to litigate the same liability in various different forums.

The injunctive relief envisioned by Congress is to prevent collection without assessment of payroll taxes against any unassessed taxpayer. That goal can only be accomplished by enjoining the IRS from collecting from any taxpayer other than Mr. Thomas Seidel until these issues have been thoroughly litigated to a *res judicata* conclusion.

DATED: This 27th day of June, 2007.

Respectfully submitted,

/s/ Robert Alan Jones _______________
Robert Alan Jones, Esq.
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

**CERTIFICATE OF SERVICE**

This is to certify that on June 27, 2007, I caused to be served the foregoing **REPLY TO GOVERNMENT'S OPPOSITION,** by ECF/PACER e-mail, to the following:

Joseph Syverson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington D.C. 20044

Dated this 27th day of June, 2007.

/s/ Stephanie Burton
Office of Robert Alan Jones