# IN THE UNITED STATES FEDERAL COURT OF CLAIMS

**FOUR RIVERS INVESTMENTS, INC.**, a
Nevada corporation doing business in California,

Plaintiff,

v.

No. 06-598 T

(Judge Bush)

**UNITED STATES OF AMERICA and**
**COMMISSIONER OF INTERNAL REVENUE,**

Defendants.

## ERRATA

Comes now, Defendant Four Rivers Investments, Inc. by and through their counsel Robert Alan Jones, hereby submit this *Errata* to Response to Government's Opposition to *ex Parte* Motion for Temporary Restraining Order and Injunction filed June 27, 2007.

A clerical error which was detected after filing, only consisted of misspellings. Corrected words are in bold. Corrected page 8 to the Response to Government's Opposition to *ex Parte* Motion for Temporary Restraining Order and Injunction is attached.

DATED: This 28th day of June, 2007.

Respectfully submitted,

/s/ Robert Alan Jones ______________
Robert Alan Jones, Esq.
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

## CERTIFICATE OF SERVICE

This is to certify that on June 28, 2007, I caused to be served the foregoing **ERRATA,** using the electronic court filing system, and will be distributed to all parties shortly after its filing.:

Joseph Syverson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington D.C. 20044

Dated this 28th day of June, 2007.

/s/ Stephanie Burton
Office of Robert Alan Jones

> No. 105-174, pt. II, at 79-80 (emphasis added). Congress believed that a change was necessary because, under previous law, it was "possible that the taxpayer could be properly under the *refund* jurisdiction of the District Court or the U.S. Court of Federal Claims and still be subject to collection by levy with respect to the entire amount of the tax at issue." *Ibid.* (emphasis added). Accordingly, in describing the operation of § 6331(i), the Senate Committee Report explained that "[t]he provision requires the IRS to withhold collection by levy of liabilities that are the subject of a pending *refund* suit during the pendency of the litigation." *Ibid.* (emphasis added)."

First it is clear that this is a lawsuit for a refund of seized payroll taxes (penalties) from a third party taxpayer (the alleged alter ego of the assessed taxpayer). It is also a lawsuit to prevent the Internal Revenue Service from seizing additional amounts of the payroll taxes they allege are due during the pendency of the lawsuit. At heart of the issues in the lawsuit is the actual validity of the assessment itself against anyone.

The IRS **as** pointed out **by** the government in its brief in opposition has begun similar seizure provisions against another third party taxpayer Mrs. Vicki Seidel against whom there are no assessments. Neither the plaintiff herein, Four Rivers, Inc., nor Mrs. Vicki Seidel either have assessments against them, **nor** have they been afforded hearings of any type, or manner to determine whether or not either or both of these parties has any liability for the assessment made against Mr. Tom Seidel.

Thus in effect, if this Court does not rule that the instant refund action allows injunctive relief to the third party plaintiff, as opposed to "the name assessed taxpayer," the government would be allowed to "willy nilly" take collection action against any party they allege, without due process, owes the divisible payroll tax of another. This will totally defeat the expressed intention