**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**FOUR RIVERS INVESTMENTS, INC**., a
Nevada corporation doing business in California,

Plaintiff, No. 06-598 T

v. (Judge Bush)

**UNITED STATES OF AMERICA and**
**COMMISSIONER OF INTERNAL REVENUE**,

Defendants.

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER (Document 39) AND JUDGMENT (Document 41)**

**Introduction**

This is a refund lawsuit for the recovery of payments made by way of levies against a divisible tax ( 100% Trust Fund Recovery Penalty (TFRP) obligation). Jurisdiction is based, in the alternative, on the wrongful levy of the property of a third party not the taxpayer statute, and/or the taxpayer refund statute depending on the **factual findings of this Court**. Administrative remedies have been properly exhausted.

Reconsideration of the Court's order of dismissal is required because of critical mistakes in the Opinion which resulted in misapplication of the law to the jurisdictional facts. First, the Court was factually incorrect in regards to several statements its order. These facts were the basis for its findings. and therefore necessitate reconsideration of the Court's findings in light of the actual facts in the instant case.

**I.**

First, the Court states at the bottom of page 5 of the Opinion, “The IRS levied on Four Rivers’ two accounts in April 2003. Four Rivers’ wrongful levy claim is therefore untimely, pursuant to § 6532.”

The Court in so stating clearly ignored Claim 3 in the Complaint which states at paragraph number 21, “Without notice and opportunity for a hearing, Defendant CIR, wrongfully seized an amount from proceeds of a real estate transaction, owned and held in the name of Four Rivers, on November 14, 2004, in the amount of $161,334.55.” This was by far the largest seizure and more importantly is within two years of the date of the filing of the Complaint in the instant case, August 22, 2006, which followed an administrative refund claim filed on May 4, 1995 ( See Exhibit 1)which was followed by IRS rejection of that claim on February 10, 2006.(See Exh. 2.) Thus, if the IRS is correct that the plaintiff Four Rivers Investment Inc. is merely the alter ego of Thomas E. Seidel the person, then IRC Sect. 6511 controls, and the claim in the instant case is therefore a timely filed claim.

The Court’s statement that the claim is untimely is clearly incorrect and therefore grounds for reconsideration of its Order.

**II.**

Second, the Court states “Plaintiff states only one argument to forestall the dismissal of its wrongful levy claim.” (P.6 of Opinion). The Opinion goes on to state that “Plaintiff suggests that § 6532 (c) may be equitably tolled. The court disagrees.” (id.).

With that statement the Court completely ignores section II of the Plaintiff’s opposition to

the motion to dismiss. Section II deals with the effect of fraud upon a statute of limitations and cites to the seminal case on this subject, *Holmberg v. Armbrecht*, 327 U.S. 392 (1946).

> Traditionally, and for good reasons, statutes of limitation are not controlling measures of equitable relief. ... Equity eschews mechanical rules; it depends on flexibility. ... Equity will not lend itself to such fraud and historically has relieved from it. ... And so this Court long ago adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered ... . This equitable doctrine is read into every federal statute of limitation. If the Federal Farm Loan Act had an explicit statute of limitation for bringing suit under § 16, the time would not have begun to run until after petitioners had discovered, or had failed in reasonable diligence to discover ... the basis of this suit.

*Id.* at 396-397.

The Court of Claims is by definition a court of equity and therefore should apply such measures that will result in equity being served. The government's argument of "no harm, no foul" not withstanding, if the assessment as alleged by the United States was made on October 23, 1996, it violated the notice provisions of the 26 U.S.C. 6330 as alleged in the Complaint and was therefore void. And if it was not made on October 23 1996, it was made, if at all, fraudulently without proper due process and opportunity for Mr. Thomas Seidel to contest its contents, irrespective of the bankruptcy law at that time.

The question of fraud must be based on a factual determination which is not subject to a motion to dismiss without a factual hearing. The instant lawsuit was brought instantly after discovery of fraudulent conduct which the plaintiff submits supports tolling the SOL especially since the fraud amounts to a structural defect (*Dixon v. United States,* 316 F.3d 1041 (9th Cir. 2003) and becomes a fraud on the court when the IRS' falsification of an assessment against a taxpayer is

presented to the courts as not only a monetary claim but also the foundation of criminal charges. (See United States District Court for the Northern District of California, case no. CR: 06-00539). Weak, inapposite precedent from the 3rd Circuit should not control the requirement of a proper hearing here.

**III.**

Third, the Court was sidetracked into a lengthy discussion regarding discharge of a lien. This case is not a claim to discharge a lien. The Plaintiff was unaware that any argument involving a lien release even was worth mentioning earlier. It is true that Mrs. Vicki Seidel offered the IRS $72,000. as an alternative to Mrs. Evelyn Olds keeping the entire net proceeds,( See Exhibit 3: which is also marked as 13 but found under Exhibit 15 to the Defendant's Motion to Dismiss).This alternative was to be in exchange for a release of lien, to the extent that it would permit Mr. Seidel's mother to recover her interest in her real estate previously transferred to Four Rivers, and the balance of the proceeds were to go to the Plaintiff (Id.). The IRS rejected that offer by seizing the entire net proceeds, after senior incumbrance, $161,344.55 from the escrow with no proceeds to Four Rivers. ( See Exhibit 4: (Exhibit marked as 15 but found under Exhibit 17 to Defendant's Motion to Dismiss.)) (Further, see Exhibit 2, note that page 3 of the exhibit is a false commitment to issue a lien release in exchange for the net proceeds of $161,000+.) The liens were never released. It is clear that the IRS agent was merely tricking the title company into receiving all of the proceeds. There was no valid contract, nor agreement between Four Rivers and the IRS for a lien discharge, only a forced collection levy on Plaintiff Four Rivers property.

The jurisdiction in this action is dependant on the wrongful levy statute, or in the alternative under the divisible tax refund provisions of the IRC as the facts show at trial, or in an evidentiary hearing.

**IV**

In determining that the Court lacks jurisdiction here, the Court also ignored new case law in its own Circuit, decided in 2007, (*Kirkendall v. Department of the Army*, 379 F.3D 830 (C.A. Fed. March 7, 2007)), and the case law in this very Court (*Land Grantors In Henderson, Union, and Webster Counties, Kentucky v. United States*, 74 Fed.Cl.518 (2006))., instead reaching out to a foreign circuit, the Third Circuit, for seven year-old case law to support its findings. (*Becton Dickerson & Co. V. Wolckenhauer*, 215 F.3d 349, 353 (3d Cir. 2000)). This inconsistency is further grounds for reconsideration of the Court's Order.

The taxpayer can legally recover under the normal refund suit IRC 7422(a),and under 26 U.S.C.§ 7426, a civil action by persons other than the taxpayer. Both remedies are authorized. It is undisputed that the IRS levied monies from Four Rivers. Therefore, this case is either a refund case or an action by a person other than the taxpayer**. It cannot be none of the above**. The problem in the instant case is that the government has openly stated that it believes that the Plaintiff in the instant case, Four Rivers, is an alter ego of Thomas Seidel. If that is so 7422 applies, and the SOL imposed on 7426 is inapposite.

The Court addressing only the early seizures before 2004 quoted the Third Circuit in its opinion stating that:

> 'Were we to hold that section 6532 ( c) can be equitably tolled, we would delay the final disposition of competing claims in cases like this one and would jeopardize, perhaps even destroy, the IRS's ability to impose a levy on other assets owned by a delinquent taxpayer'

*Becton Dickerson* at 353.

In following the aforementioned statement the Court assumes without any evidence to

support that assumption that Thomas Seidel and Four Rivers are one in the same, and that no levy had taken place in late 2004. The assumption, in favor of the government, by the Court of the unproven "alter ego" fact, and that the November 2004 seizure was not a levy of unpaid divisible taxes cannot be the basis for granting a motion to dismiss on the pleadings.

The alter ego position has not been substantiated but if the government can substantiate the alter ego then the lawsuit is a timely refund suit based on the claim (attached as Exhibit 1) filed by Alvin Brown, Esq., within the two years of the levy. This claim was filed in April 2005 and was denied by the IRS in 2006.

**V.**

The Court used the wrong standard of review for the motion to dismiss. The Court stated in its Discussion section the standard of review. The Court stated that it must presume "all reasonable inferences in favor of the plaintiff." But then the Court went on to state that **the plaintiff must establish subject matter jurisdiction by a preponderance of the evidence.**

The issues that establish subject matter jurisdiction are factual. These facts could not be proven to any extent without an evidentiary hearing. Therefore, the Court in its Opinion created a presumption in favor of the government and in so doing placed an insurmountable burden on the plaintiff. The issues that clearly need to be reconsidered are factual issues. A motion for dismissal is not the correct vehicle for deciding these issues. They must be addressed in an evidentiary hearing.

**CONCLUSION**

The Court misapplied the standard of review for a motion to dismiss and in so doing misapplied the standard of review for the temporary restraining order. The Court precluded the plaintiff from proving subject matter jurisdiction existed by not using the standard set forth in its

own discussion of standard of review. The Court "must ... construe all reasonable inferences in favor of the plaintiff." Therefore, the Court must allow the plaintiff the ability to prove that this Honorable Court has subject matter jurisdiction over the instant case.

Furthermore, the Court's Opinion was based upon incorrect facts and the basis for the Opinion should be reconsidered in light of the correct facts. The Court was factually incorrect several times in its Opinion. These factual errors have created legal error and can most easily be properly addressed in a reconsideration of the Court's Opinion.

Finally, in granting the government's motion to dismiss without allowing the plaintiff to offer evidence of the IRS's fraudulent assessment and the fraud perpetrated upon this Court when the IRS representations to the Court that the assessment is not false, fraudulent or void, the Court has erred and that error can only be corrected by granting the plaintiff's motion for reconsideration.

Respectfully submitted,

*//ss// Robert Alan Jones* _______________

Robert Alan Jones, Esq.
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

**CERTIFICATE OF SERVICE**

This is to certify that on August 4, 2007, I caused to be served the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER (Document 39) AND JUDGMENT (Document 41),** using the electronic court filing system, and will be distributed to all parties shortly after its filing.

Joseph Syverson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington D.C. 20044

Dated this 4th day of August, 2007.

*//ss// Stephanie Burton*
Office of Robert Alan Jones