**ATTACHMENT**

**IN THE UNITED STATES FEDERAL COURT OF CLAIMS**

**FOUR RIVERS INVESTMENTS, INC.**, a
Nevada corporation doing business in California,

Plaintiff,

v.

No. 06598 T

**UNITED STATES OF AMERICA and COMMISSIONER OF INTERNAL REVENUE,**

**Judge Bush**

Defendants.

**ERRATA TO MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

Plaintiff, by and through counsel, Robert Alan Jones, hereby submits this *errata* to its Memorandum in Support of Motion for Reconsideration filed on August 4, 2007 (Document #43).

In the course of compiling the Memorandum in Support of Motion for Reconsideration one item, a code section, was inadvertently misprinted in the document. That item is in the middle of page three. The sentence should read:

The government's argument of "no harm, no foul" not withstanding, if the assessment as alleged by the United States was made on October 23, 1996, it violated the notice provisions of the 26 U.S.C. 6672 as alleged in the Complaint and was therefore void.

Attached please find a corrected page three.

Respectfully submitted this 14th day of August 2007.

/s/ Robert Alan Jones
Robert Alan Jones (Bar No. 43761)
R.A.J., Ltd., P.C.
1061 East Flamingo Road, Suite 7
Las Vegas, NV 89119
(702) 791-3403

*Attorney for Four Rivers*

**CERTIFICATE OF SERVICE**

This is to certify that on August 14, 2007, I caused to be served the foregoing **ERRATA TO MOTION FOR RECONSIDERATION** , by First Class U.S. Mail, postage paid envelope, to the following:

Joseph Syverson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington D.C. 20044

Dated this 14TH day of August, 2007.

*//ss// J. David Arthur*
Office of Robert Alan Jones

the motion to dismiss. Section II deals with the effect of fraud upon a statute of limitations and cites to the seminal case on this subject, *Holmberg v. Armbrecht*, 327 U.S. 392 (1946).

> Traditionally, and for good reasons, statutes of limitation are not controlling measures of equitable relief. ... Equity eschews mechanical rules; it depends on flexibility. ... Equity will not lend itself to such fraud and historically has relieved from it. ... And so this Court long ago adopted as its own the old chancery rule that where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered .... This equitable doctrine is read into every federal statute of limitation. If the Federal Farm Loan Act had an explicit statute of limitation for bringing suit under § 16, the time would not have begun to run until after petitioners had discovered, or had failed in reasonable diligence to discover ... the basis of this suit.

*Id.* at 396-397.

The Court of Claims is by definition a court of equity and therefore should apply such measures that will result in equity being served. The government's argument of "no harm, no foul" not withstanding, if the assessment as alleged by the United States was made on October 23, 1996, it violated the notice provisions of the 26 U.S.C. 6672 as alleged in the Complaint and was therefore void. And if it was not made on October 23 1996, it was made, if at all, fraudulently without proper due process and opportunity for Mr. Thomas Seidel to contest its contents, irrespective of the bankruptcy law at that time.

The question of fraud must be based on a factual determination which is not subject to a motion to dismiss without a factual hearing. The instant lawsuit was brought instantly after discovery of fraudulent conduct which the plaintiff submits supports tolling the SOL especially since the fraud amounts to a structural defect (*Dixon v. United States,* 316 F.3d 1041 (9th Cir. 2003) and becomes a fraud on the court when the IRS' falsification of an assessment against a taxpayer is