IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-598 T
(Judge Bush)

---

FOUR RIVERS INVESTMENTS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant

---

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

---

In its motion for reconsideration and accompanying memorandum, plaintiff asserts that this Court committed a host of legal and factual errors in its opinion of July 27, 2007 ordering dismissal of plaintiff's amended complaint for lack of subject-matter jurisdiction. None of plaintiff's allegations of error, however, are properly raised in a motion for reconsideration, and, even if they were, they are all entirely without merit.

**STATEMENT**

On July 27, 2007, the Court issued a published opinion and order, granting defendant's motion under RCFC 12(b)(1) to dismiss plaintiff's amended complaint for lack of subject-matter jurisdiction. (Op. of July 27, 2007.)[1] Judgment was entered accordingly on July 28, 2007. On

[1]Hereafter, simply "Opinion" or "Op."

August 4, 2007, plaintiff filed a motion for reconsideration of the Court's opinion and judgment pursuant to RCFC 59, and an attached memorandum in support of its motion.[2] The Court, by order of August 10, 2007, ordered plaintiff to file a response to plaintiff's motion on or before September 10, 2007. On August 14, 2007, plaintiff filed a motion for leave to amend this memorandum, which the Court granted on August 16, 2007.

**ARGUMENT**

**I.**

**STANDARD OF REVIEW**

As this Court observed in its order of August 10, 2007, plaintiff, as the proponent of a motion for reconsideration, "bears a heavy burden." In order to prevail on a motion for reconsideration, plaintiff "must show either that an intervening change in controlling law has occurred, evidence not previously available has become available, or that the motion is necessary to prevent manifest injustice." *Lechliter v. United States*, 72 Fed. Cl. 17, 18 (2006) (internal quotation omitted); *see also Pacific Gas & Elec. Co. v. United States*, 58 Fed. Cl. 1, 2 (2003). A motion for reconsideration is "not intended to give an unhappy litigant an additional chance to sway the court." *Lechliter,* 72 Fed. Cl. at 18 (internal quotation omitted). Consequently, "[a] party may not use a motion for reconsideration to raise arguments that it could have raised previously, but did not." *Browning Ferris Indus., Inc. v. United States*, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007) (citing *Bernard v. United States*, 12 Cl.Ct. 597, 598 (1987)).

---

[2]Hereafter, this memorandum will be referred to as "Plaintiff's Memorandum," or "Pl.'s Mem."

## II.

## PLAINTIFF'S ALLEGATIONS CONCERNING ITS PURPORTED CLAIMS FOR REFUND DO NOT PROVIDE GROUNDS FOR RECONSIDERATION OF THE COURT'S OPINION

Now that plaintiff's wrongful levy claims have been rejected by the Court, plaintiff, for the very first time in its motion for reconsideration, alleges that, in the alternative, the Court has jurisdiction over its complaint as a suit for tax refund. This contention fails both procedurally and substantively.

As a procedural matter, plaintiff's contention fails because it may not be raised for the first time in a motion for reconsideration. Plaintiff, despite having twice amended its complaint in this action, never alleged that this Court had jurisdiction over any portion of its complaint as an action for tax refund, and never attached to its complaint the documents that plaintiff now contends constitute administrative claims for refund, as required by RCFC 9(h)(6). Nor has plaintiff offered any explanation for its failure to raise this issue previously, notwithstanding the fact that it alleges that its purported claims for refund were both filed with the Internal Revenue Service and rejected many months prior to plaintiff's filing of the instant suit. Consequently, plaintiff cannot raise this issue for the first time in a motion for reconsideration. *See Bernard*, 12 Cl.Ct. at 598; *see also Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (motion for reconsideration of a judgment under Fed. R. Civ. P. 59(e) "may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment").

Furthermore, even if plaintiff could, somehow, overcome this procedural barrier, plaintiff is simply incorrect in asserting that this Court could have refund jurisdiction over any of the

claims alleged in its complaint. Plaintiff's contention that the Court could take refund jurisdiction over its claims for return of monies levied from it to satisfy Thomas Seidel's unpaid tax liabilities is plainly foreclosed by the Supreme Court's recent decision in *EC Term of Years Trust v. United States*, 127 S. Ct. 1763, 1767-68 (2007), which held that a third-party nontaxpayer who alleges wrongful levy cannot recover the property it alleges was wrongfully levied by means of a tax refund suit, but must instead bring a wrongful levy action under 26 U.S.C. § 7426(a)(1). Further, although plaintiff maintains that its claim for return of an amount it paid to the Service to discharge a lien is really a claim for return of levied funds (*see* Pl.'s Mem. at 4), plaintiff may not seek to recover this payment by means of a refund suit, as this Court correctly held in its opinion. *See* Op. at 20 (holding that "[28 U.S.C.] § 1346(a)(1) cannot provide jurisdiction in this court for refund suits brought by third party real property owners who wish to challenge tax-lien related collections by the IRS and who have not pursued the remedy provided to them by [26 U.S.C.] §§ 6325(b)(4) and 7426(a)(4)").

This conclusion is not disturbed by the fact that one of the grounds upon which the Service levied plaintiff's property to satisfy Thomas Seidel's unpaid tax liabilities was that plaintiff was an alter ego of Mr. Seidel, plaintiff's contention to the contrary notwithstanding. *See* Pl.'s Mot. at 5. Plaintiff asserts, without citation to any authority, that, because "the government has openly stated that it believes . . . Four Rivers . . . is an alter ego of Thomas Seidel," plaintiff may bring its claims as claims for tax refund. *Ibid.* This is simply not the case. It is well-established that a suit for wrongful levy does not lose its character as such by virtue of the fact that the property of the wrongful levy plaintiff was levied on a theory that the plaintiff was the "alter-ego" of the assessed taxpayer. *See EC Term of Years Trust*, 127 S. Ct. at 1768

(2007) (holding that remedy for wrongful levy provided by § 7426(a)(1) is a "precisely drawn, detailed statute" that "pre-empts more general remedies," which, consequently, provides an exclusive remedy, pre-empting all more general remedies); *Greening v. United States*, No. 94-36196, 1996 WL 241534, at *1-3 (9th Cir. May 9, 1996) (holding that plaintiff whose property was levied to satisfy the tax liabilities of another, and was levied on theory that she was the alter-ego of the assessed taxpayer, could not bring quiet title action under 28 U.S.C § 2410 because § 7426 provided exclusive remedy, and rejecting plaintiff's argument that her remedy was not a wrongful levy suit under § 7426 because she was levied as the alter-ego of the assessed taxpayer); *Al-Kim, Inc. v. United States*, 650 F.2d 944, 947-48 (9th Cir. 1979) (rejecting argument advanced by persons who were levied as the alter-ego of the assessed taxpayer that § 7426 "is applicable only in situations where there has been a mistaken or inadvertent seizure by the IRS"); *Porta-John of America, Inc. v. United States*, 4 F. Supp. 2d 688, 699 (E.D. Mich. 1998) (holding that § 7426(a) provided exclusive remedy for person who was levied as a "nominee or alter-ego" of assessed taxpayer).

**III.**

**PLAINTIFF'S REMAINING ALLEGATIONS OF ERROR ARE NOT COGNIZABLE IN A MOTION FOR RECONSIDERATION, AND IN ANY EVENT ARE MERITLESS**

Apart from its assertions regarding it purported claims for refund, plaintiff contends that the Court's opinion erred by "completely ignor[ing] section II of Plaintiff's opposition to [defendant's] motion to dismiss," because the Court failed to address the issue of "the effect of fraud upon a statute of limitations." Pl.'s Mot. at 2-3. Examination of the Court's opinion, however, reveals otherwise. After an exhaustive analysis, this Court concluded that 26 U.S.C. §

6532(c), the statute of limitations applicable to plaintiff's wrongful levy claims, could not be equitably tolled, and, *a fortiori*, concluded that ignorance on the part of a plaintiff of a potential cause of action for wrongful levy, whatever its cause, could not serve to toll the applicable statute of limitations. *See* Op. at 6-12. Notwithstanding this conclusion, the Court's opinion went on to discuss plaintiff's allegation of fraud, and concluded that, even if § 6532(c) were subject in general to equitable tolling, plaintiff had failed to allege "facts . . . which would entitle a litigant to equitable tolling in any case." *See id.* at 12.

In a similar fashion, plaintiff plainly misreads the Court's opinion when it alleges that the Court "ignored new case law in its own Circuit," namely *Kirkendall v. Department of the Army*, 479 F.3d 830 (Fed. Cir. 2007) (en banc). Pl.'s Mot. at 5. This contention is particularly puzzling, given the Court's extensive discussion of *Kirkendall*'s treatment of the factors the Supreme Court set out in *United States v. Brockamp*, 519 U.S. 347 (1997), for determining whether a statute of limitations for a cause of action against the government is subject to equitable tolling. *See* Op. at 6-11. Plaintiff's position, apparently, amounts to nothing more than an assertion that the Court "ignored" *Kirkendall* because it concluded that the statute of limitations at issue was not subject to equitable tolling, unlike the statute in the *Kirkendall* case. *See Kirkendall*, 479 F.3d at 841. This contention is clearly mistaken, as the Court's opinion makes plain that it properly applied the *Brockamp* factors, as elaborated by the Federal Circuit in *Kirkendall*.[3]

---

[3]Plaintiff also alleges that the Court's opinion failed to follow this Court's opinion in *Land Grantors in Henderson, Union, and Webster Counties, Kentucky v. United States*, 74 Fed. Cl. 518 (2006). *See* Pl.'s Mot. at 5. This allegation is also puzzling, as the *Land Grantors* court declined to decide the equitable tolling issue that was raised before it given the current pendency (continued...)

In addition, plaintiff objects that it was prejudiced because it "was unaware that any argument involving a lien release even was worth mentioning" prior to issuance of the Court's opinion. Pl.'s Mot. at 4. Plaintiff, however, cannot credibly claim that it lacked notice that the issue of whether it had pursued the appropriate administrative and judicial avenues in order to seek recovery of this payment, as this issue was briefed extensively in defendant's motion to dismiss.[4] *See* Def.'s Mot. to Dismiss Pl.'s Am. Compl. at 17-25.

Finally, plaintiff contends that the Court failed to apply the correct standard of review for a motion to dismiss under RCFC 12(b)(1) for lack of subject-matter jurisdiction. *See* Pl.'s Mot. at 6. This is so, plaintiff maintains, because "[t]he issues that establish subject matter jurisdiction are factual," and, consequently, "[a] motion for dismissal is not the correct vehicle for deciding these issues." *Ibid.* Plaintiff cites no authority in support of this position, nor could it, since its position is at odds with well-established precedent holding that a court may consider matters outside the pleadings in order to make the factual findings necessary to resolve a motion to dismiss for lack of subject-matter jurisdiction, as the Court did here. *See, e.g., Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999).

---

[3](...continued)
of *Kirkendall*. *Land Grantors*, 74 Fed. Cl. at 525.

[4]As we demonstrated there, and as the Court correctly held, *see* Op. at 15-22, plaintiff did not exhaust its administrative remedies. Thus, plaintiff's unsupported allegation to the contrary, at page 1 of its memorandum, is patently erroneous.

**CONCLUSION**

For all of the above reasons, the United States requests that this Court deny plaintiff's motion.

Respectfully submitted,

September 10, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 514-9440
Joseph.B.Syverson@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

s/ Mary M. Abate

September 10, 2007

Of Counsel