**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**FOUR RIVERS INVESTMENTS, INC**., a
Nevada corporation doing business in California,

Plaintiff, No. 06-598 T

v. (Judge Bush)

**UNITED STATES OF AMERICA and**
**COMMISSIONER OF INTERNAL REVENUE**,

Defendants.

**REPLY TO GOVERNMENT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RECONSIDERATION**
**OF ORDER AND JUDGMENT**

Plaintiff, by and through its counsel Robert Alan Jones, hereby files its Reply to the government's opposition to Plaintiff's motion for reconsideration.

The government in its opposition argues that Plaintiff, Four Rivers, in its motion for reconsideration cannot raise any issue that has not already been decided by the Court. However, this Honorable Court in *Corrigan v. United States*, 70 Fed.Cl. 655 (2006), stated, "Plaintiff may not, on a motion for reconsideration, re-litigate issues already decided by this court in its opinion on original briefing."*Id*. at 672.

It is completely understandable that the government argues this point because the government has changed it's argument repeatedly in going after: Four Rivers, civilly; Mr. Thomas Seidel, civilly; Mrs. Vicki Seidel, civilly; and both Mr. and Mrs. Seidel criminally for the same divisible taxes that are at issue in the instant case. By changing its argument at every turn and arguing that the victim,

taxpayers, cannot change their respective defenses it has run roughshod over the rights of these taxpayers.

The government argues that Four Rivers is an alter ego of Thomas Seidel when it is advantageous to the government, such as in making the seizures that are at the heart of the instant suit, but not for purposes of any possible defense to the government's actions. However, the government has not proven that Four Rivers was/is an alter-ego of Thomas Seidel.

It is unconscionable that without the requisite proof at the time of the levy that Four Rivers was the alter-ego of Thomas Seidel the IRS moved forward with these seizures. This misuse of authority must be checked and the funds returned to Four Rivers. The Court must grant the Plaintiff's motion for reconsideration in order to correct this inequity.

The government in it's opposition, at page 6, states that Four Rivers misreads the Court's opinion regarding equitable tolling. The Court cites to *Martinez v. United States,* 333 F.3d 1295 (Fed. Cir. 2003) (*en banc*), stating: "equitable tolling against the government is a narrow doctrine. ... mere excusable neglect is not enough to establish a basis for equitable tolling; there must be a compelling justification for delay, such as 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id.* At 1318, quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

In the instant case "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* The IRS' fraudulent assessment that was not discoverable when made is exactly the kind of narrow exception that the Federal Circuit envisioned in its *Martinez* decision. The Federal Circuit declared that equitable tolling is a "narrow doctrine", not a non-existent one. *Id.*

The Court erred in failing to recognize the instant case as falling within the narrow exception allowing equitable tolling under *Martinez*. This error can best be corrected by the Court granting the Plaintiff's motion for reconsideration.

We concede that the Court can address facts raised in the pleadings for the purposes of determining its jurisdiction. However, for purposes of the Plaintiff's motion for reconsideration we emphasize that the Court did not address the fact that the major seizure of funds from the Plaintiff occurred in November 2004, within two years of the filing of the refund suit in this case.

Nor did the Court address the issue of whether it was ruling on the Plaintiff's claims based upon a determination of whether or not the Plaintiff is an "alter-ego" of Thomas Seidel as was alleged by the defense as the basis for it's seizure of the funds. Clearly if the Plaintiff is an "alter-ego," a factual determination, the suit for refund is timely and is based upon the timely filed administrative claim for refund filed by Alvin Brown, Esq., as noted in the original motion for reconsideration with exhibits attached thereto.

On the other hand if the Court has determined that the Plaintiff is not an "alter-ego" for the purpose of the instant suit then equitable tolling should apply with the operative facts specifically including a factual review of the alleged fraud by the IRS. There was no such factual determination attempted nor made by the Court therefore, there is no factual basis for rejecting the equitable tolling position regarding 26 U.S.C. 7426.

Finally with respect to the Defendant's "release of lien" argument. The Court failed to make a factual determination that this was a release of lien situation, and could not logically come to that conclusion. First the IRS issued no lien releases for the property, and second although Mrs. Seidel proposed a scenario to the IRS which involved a release of lien and a transfer of a balance of equity

at sale to third parties or the Plaintiff, the IRS never agreed to such an arrangement and in fact simply seized the net proceeds from the sale wrongfully from the Plaintiff whether that Plaintiff be Four Rivers Investments, or Four Rivers Investments as the "alter-ego" of Thomas E. Seidel.

Applying the Court's stated standard of review to the facts in the instant case it is clear that the government's motion to dismiss fails on its face due to the Federal Circuit's *Martinez* decision. The Court erred in making a presumption in favor of the government regarding undisputed factual allegations and that error is grounds for reconsideration of the Court's Order.

The facts of the instant case when viewed in the light most favorable to the Plaintiff make it clear that the Court erred in granting the government's motion to dismiss and therefore this Honorable Court should grant the Plaintiff's motion for reconsideration in order to correct these errors.

DATED: This 20th day of September, 2007.

Respectfully submitted,

*//ss// Robert Alan Jones* ________________

Robert Alan Jones, Esq.
RAJ LIMITED, PC
1061 East Flamingo Road, Suite #7
Las Vegas, Nevada 89119
(702) 791-0742 Telephone
(702) 736-0773 Facsimile
Rajltd@aol.com

**CERTIFICATE OF SERVICE**

This is to certify that on September 20, 2007, I caused to be served the foregoing **REPLY TO GOVERNMENT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER AND JUDGMENT,** by using the CM/ECF system, which will send notification of this filing to the following:

Joseph Syverson
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington D.C. 20044

Dated this 20th day of September, 2007.

*//ss// Stephanie Burton*
Office of Robert Alan Jones