# In the United States Court of Federal Claims

No. 06-598 T

(Filed October 4, 2007)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| FOUR RIVERS INVESTMENTS, INC., | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | RCFC 59; Motion for Reconsideration. |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| *Defendant*. | * | |
| * * * * * * * * * * * * * | * | |

*Robert Alan Jones*, Las Vegas, NV, for plaintiff.

*Joseph B. Syverson*, United States Department of Justice, Tax Division, with whom were *Richard T. Morrison*, Acting Assistant Attorney General, *David Gustafson*, Chief, Court of Federal Claims Section, *Mary M. Abate*, Assistant Chief, Washington, D.C., for defendant.

## OPINION

**Bush**, *Judge*.

In this case, plaintiff originally sought the return of monies it alleges were "wrongfully levied/seized" by the Internal Revenue Service of the United States Department of the Treasury (IRS). On July 27, 2007, this court granted defendant's motion to dismiss for lack of jurisdiction and dismissed all of

plaintiff's claims and requests for injunctive relief. Judgment for defendant was entered on the same date.

On August 4, 2007, plaintiff filed a timely motion for reconsideration of this court's opinion and judgment. Plaintiff's motion for leave to file errata, granted on August 16, 2007, corrected a citation error in plaintiff's motion. The court ordered a response from defendant, which was filed on September 10, 2007. Plaintiff's motion for reconsideration is ripe for decision.

## BACKGROUND FACTS[1]

Plaintiff Four Rivers Investments, Inc. (Four Rivers) is a Nevada corporation doing business in California, whose sole owner is Vicki Seidel. Vicki Seidel is married to Thomas Seidel. Thomas Seidel was president of T.E. Seidel Electric, Inc. (Seidel Electric). Seidel Electric operated from June 1, 1992 through June 1, 1996.

Mr. Seidel was assessed a tax penalty related to Seidel Electric. The penalty assessment totaled $601,251.24 for the tax period ending September 30, 1996. Seidel Electric filed for Chapter 7 bankruptcy with no assets on August 8, 1996. On October 25, 1996, the Seidels filed for their own Chapter 7 bankruptcy.

The date of the IRS penalty assessment against Thomas Seidel is disputed. According to plaintiff, the IRS assessment occurred in December 1996, but was then fraudulently backdated to October 23, 1996. According to defendant, the penalty assessment occurred on October 23, 1996. The difference in alleged assessment dates is immaterial.

Three IRS collection activities, occurring from 2003 to 2005, are the subject of plaintiff's claims here, and are related to the penalty assessed against Mr. Seidel in 1996. The IRS levied against two accounts held by plaintiff, one at a bank and one at an investment firm, in April 2003. In both instances, the IRS levied against accounts belonging to Four Rivers, "as the nominee, alter ego, and/or transferee of

---

[1]/ Familiarity with the court's prior opinion is assumed. *See Four Rivers Invs., Inc. v. United States*, 77 Fed. Cl. 592 (2007). Facts recited in that opinion and reproduced here were gleaned from the parties' filings and do not constitute fact findings by the court. *Id.* at 593 n.3.

Thomas E. Seidel."

The third IRS collection activity was related to real property. In April 2003, the IRS placed a lien against Four Rivers' property rights in real property located in Monterey County, California. The lien named Four Rivers "as the Nominee, alter ego, and/or transferee of Thomas E. Seidel." This lien, in the amount of almost $600,000, affected the proposed sale of a parcel of property in Salinas, California that was held in the name of Four Rivers. In November 2004, Four Rivers applied to the IRS for a discharge of the lien as it applied to the Salinas property being sold. The IRS conditioned the discharge of the lien on payment of $161,334.55 and $143.90, or a total of $161,478.45. This amount, which was received by the IRS in two payments, one in November 2004 and the other in March 2005, was credited to Thomas Seidel's outstanding balance with the IRS and the IRS issued a certificate of discharge from the tax lien for the Salinas property.

## PROCEDURAL HISTORY

Plaintiff filed suit in this court on August 22, 2006, and twice amended its complaint, on April 18, 2007 and on May 25, 2007. Plaintiff alleged jurisdiction under the 28 U.S.C. § 1491(a)(1) (2000) and 26 U.S.C. §§ 7426(a)(1), 7433A (2000). The court held that none of these statutes provides jurisdiction for plaintiff's claims. A short recitation of the court's reasoning, more fully explained in *Four Rivers Investments, Inc. v. United States*, 77 Fed. Cl. 592 (2007), follows.

As to the two levies against plaintiff's accounts, the court held that challenges to such levies must be brought within nine months, pursuant to 26 U.S.C. § 6532(c) (2000). Because plaintiff did not file suit in this court until August 22, 2006, more than three years from the time of the levies, these claims were untimely. Although plaintiff alleged jurisdiction for its wrongful levy claims under 26 U.S.C. § 7426(a)(1), the governing statute of limitations for that type of action had run. *See* 26 U.S.C. § 6532(c). The court further reasoned that statutes of limitation are jurisdictional, *see Fed. Nat'l Mortgage Ass'n v. United States*, 469 F.3d 968, 973 (Fed. Cir. 2006), and concluded that plaintiff's failure to file a timely claim deprived this court of jurisdiction over its wrongful levy claims. The court did not reach defendant's additional argument that this court does not have jurisdiction over wrongful levy suits brought under 26 U.S.C. § 7426(a)(1), even if

timely filed.

Plaintiff presented an equitable tolling argument, suggesting that the limitation present in 26 U.S.C. § 6532(c) may be tolled, and should be tolled in this instance. The court examined this argument in detail, fully explicating the standard for deciding whether a statute of limitations may be tolled, *see Kirkendall v. Dep't of Army*, 479 F.3d 830, 837 (Fed. Cir. 2007), and concluded that section 6532(c) may not be tolled, following *Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340 (3d Cir. 2000). The court held, further, that even if section 6532(c) could be tolled, plaintiff had not alleged facts that would justify equitable tolling in this case.

Finally, the court examined plaintiff's challenge to the IRS collection actions related to a tax lien on plaintiff's property. Defendant had argued that an exclusive remedy exists for challenging such a tax lien, and that plaintiff had not followed the steps necessary to access that remedy. This argument was not rebutted by plaintiff. The court agreed with defendant that challenges to a tax lien by a third party real property owner are provided exclusively through 26 U.S.C. §§ 6325(b)(4), 7426(a)(4) (2000). Plaintiff never pursued this remedy, and had not, in any case, filed a timely suit in a district court, the exclusive forum for such challenges. The court thus is without jurisdiction over plaintiff's challenge to the tax lien-related collections by the IRS.[2]

## DISCUSSION

### I. Standard of Review

Pursuant to the Rules of the United States Court of Federal Claims (RCFC), a party may be granted reconsideration of the court's disposition of a case "for any of the reasons established by the rules of common law or equity." RCFC 59(a)(1). "The decision whether to grant reconsideration lies largely within the discretion of

---

[2]/ The court also noted two other barriers to relief. First, plaintiff had not alleged jurisdiction under 28 U.S.C. § 1346(a)(1) (2000), the source of jurisdiction in this court for tax refund suits. *See Four Rivers*, 77 Fed. Cl. at 603 n.15. Second, plaintiff had not argued for equitable tolling of any statute of limitations that could apply to challenges of tax lien-related collections. Even if plaintiff had made such an argument, plaintiff alleged no facts in this case justifying equitable tolling. *See id.* at 601 n.13.

the [trial] court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (citations omitted). "For a movant to prevail, he must point to a manifest error of law or mistake of fact." *Pikeville Coal Co. v. United States*, 37 Fed. Cl. 304, 313 (1997) (citation omitted). The court must be persuaded: "'(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice.'" *Griswold v. United States*, 61 Fed. Cl. 458, 461 (2004) (quoting *First Fed. Lincoln Bank v. United States*, 60 Fed. Cl. 501, 502 (2004)).

It is important to note that a motion for reconsideration of a final judgment functions not as another round of briefing in an open case, but as a request for extraordinary relief in a matter that is now closed. *See Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) ("Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (Table))). "The purpose served is not to afford a party dissatisfied with the result an opportunity to reargue its case." *A.A.B. Joint Venture v. United States*, 77 Fed. Cl. 702, 704 (2007) (citations omitted). Thus, RCFC 59 does not provide an occasion for a party "to raise arguments that it could have raised previously, but did not." *Browning Ferris Indus., Inc. & Subsidiaries v. United States*, No. 05-738T, 2007 WL 1412087, at *1 (Fed. Cl. May 10, 2007) (citations omitted). "Similarly, motions for reconsideration are not intended to allow a party to reassert arguments that the Court already has considered." *Id.* (citations omitted). Absent extraordinary circumstances, a motion for reconsideration will not be granted. *See Caldwell*, 391 F.3d at 1235.

## II. Merits of Plaintiff's Contentions

Plaintiff argues first that the court ignored its challenge to the IRS collections related to the tax lien on plaintiff's real property. This is patently untrue. The court considered plaintiff's arguments concerning the lien, as recounted *supra*. Plaintiff now attempts to present a new argument, apparently related to 26 U.S.C. § 6511 (2000), and attaches two exhibits for the court's consideration. These documents were in existence and within plaintiff's control before its complaint was filed in this suit. Because there is no reason to believe,

and plaintiff has not argued, that this evidence was previously unavailable, these exhibits do not constitute grounds for reconsideration of the court's decision. Similarly, this new argument, which could have been presented previously, does not constitute grounds for reconsideration of the court's opinion.

Second, plaintiff offers a new argument regarding a violation of the notice provisions of 26 U.S.C. § 6672 (2000). Pl.'s Mot. at 3. This argument is absent from plaintiff's opposition to defendant's motion to dismiss, filed June 4, 2007. Plaintiff may not now raise arguments that it could have brought before.

Third, plaintiff suggests that the court erred by reviewing its challenge to the tax lien under the wrong statute. Plaintiff has pointed to no caselaw in support of this argument. Plaintiff has not met its burden of showing a change in controlling law or manifest injustice.[3]

Fourth, plaintiff argues that the court ignored *Kirkendall v. Dep't of Army*, 479 F.3d 830 (Fed. Cir. 2007). The court repeatedly cited *Kirkendall*, and applied its holding. Plaintiff's contention is without merit.

Fifth, plaintiff cites a statute, 26 U.S.C. § 7422 (2000), as another source of jurisdiction for its suit. This argument was not previously raised. Plaintiff may not now introduce arguments foregone in earlier briefing.

Finally, plaintiff suggests that the court found facts in its jurisdictional determination, and that fact finding should have been postponed for evidentiary proceedings. Plaintiff concludes that the court applied the wrong standard of review for a motion to dismiss under RCFC 12(b)(1). Plaintiff is incorrect. The great majority of facts presented by the parties were undisputed. The court accorded plaintiff all reasonable inferences for the sole disputed fact, that the IRS had perhaps backdated the assessments against Mr. Seidel. Assuming plaintiff's allegation of fact to be true, plaintiff's challenges to the tax levies were untimely,

---

[3]/ Plaintiff argues that "Plaintiff was unaware that any argument involving a lien release even was worth mentioning earlier." Pl.'s Mot. at 4. Plaintiff had notice of this legal theory because several pages of defendant's motion to dismiss were devoted to it in a section titled: "There is no judicial remedy available for recovery of a payment made pursuant to [the statutory section applicable to plaintiff's payment] to obtain a discharge of property from a federal tax lien."

equitable tolling was not available, and equitable tolling was not justified in the circumstances of this case. Assuming plaintiff's allegation of fact to be true, plaintiff's challenge to the tax lien-related collections by the IRS was barred for failure to pursue an exclusive remedy, and for other reasons as well. Thus, the court correctly applied the standard of review for a motion to dismiss for lack of jurisdiction. To the extent that plaintiff is now presenting new arguments based on a different interpretation of the facts alleged in this case, the time for raising those arguments has passed.[4]

## CONCLUSION

To prevail on its motion for reconsideration, plaintiff bore the burden to show: "'(1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice.'" *Griswold*, 61 Fed. Cl. at 461 (quoting *First Federal Lincoln Bank*, 60 Fed. Cl. at 502). Plaintiff has failed to meet this burden.

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's Motion for Reconsideration of Order (Document 39) and Judgment (Document 41), filed August 4, 2007, is **DENIED**; and

(2) This case is closed and no further filings are contemplated.

/s/Lynn J. Bush
LYNN J. BUSH
Judge

[4]/ Defendant, in the alternative, argues persuasively that the new arguments presented by plaintiff in its motion for reconsideration would be entirely without merit, even if they had been properly raised. The court finds no fault with defendant's assessment of plaintiff's new arguments.